[No. 49722-7-I.   Division One.   December 16, 2002.]

ALVA THOMAS-KERR, *Appellant*, v. FREDERICK BROWN, *Respondent*.

*John P. Walsh* (of *Law Office of John P. Walsh*), for appellant.

*Marilee C. Erickson* (of *Reed McClure*), for respondent.

BAKER, J. — Following an arbitration award in an auto accident case, Frederick Brown requested a trial de novo within the 20 days required by statute. The plaintiff, Alva Thomas-Kerr, did not file a similar request. The mandatory arbitration rules provide that "any" aggrieved party may request a trial de novo. Later, Brown withdrew his request, and the court entered judgment on the underlying arbitration award. Thomas-Kerr appeals, arguing that the court should have proceeded with a trial. But she did not preserve her right to a trial de novo as provided in the mandatory arbitration rules. We affirm the trial court.

I

Alva Thomas-Kerr and Frederick Brown were involved in an automobile collision. Thomas-Kerr sued Brown. Brown requested a jury trial, and Thomas-Kerr then requested arbitration under the Mandatory Arbitration Rules (MAR). Following an arbitration award for Thomas-Kerr, Brown

filed a request for trial de novo.[1] Before trial, Thomas-Kerr informed Brown that she had scheduled rotator cuff surgery. Brown then filed a notice withdrawing his request for trial de novo. Thomas-Kerr objected, contending that allowing the withdrawal would deprive her of her right to trial by jury. Alternatively, she requested that the court grant her a voluntary nonsuit under CR 41(a).

The trial court denied Thomas-Kerr's request for nonsuit under CR 41(a), entered an order allowing Brown to withdraw his request for trial de novo, and then entered judgment on the arbitration award. The court also awarded Thomas-Kerr reasonable fees and costs of $1,000, pursuant to MAR 7.3.[2]

Thomas-Kerr argues on appeal that the trial court should not have allowed Brown to unilaterally withdraw his trial request. She also claims that the court should have granted her a voluntary nonsuit under CR 41(a) because she was entitled to dismiss her case at any time before concluding her opening case.

## II

██ Interpretation of the Mandatory Arbitration Rules is a matter of law that requires this court to review the trial court's ruling de novo.[3] We review an order denying a motion to dismiss for manifest abuse of discretion.[4] An abuse of discretion exists when a court's decision "is mani-

---

[1] Brown requested trial de novo 16 days after the arbitration award was filed with the court. Under MAR 7.1(a), a party has 20 days to file a request.

[2] Because Brown requested a trial de novo but did not improve his position following the arbitration award, he became liable for attorney fees and costs.

[3] *Manius v. Boyd*, 111 Wn. App. 764, 766-67, 47 P.3d 145 (2002) ("Interpreting the Mandatory Arbitration Rules (MAR) is a matter of law, which we review de novo."); *Terry v. City of Tacoma*, 109 Wn. App. 448, 453, 36 P.3d 553 (2001), *review denied*, 146 Wn.2d 1012 (2002). *See also Tjart v. Smith Barney, Inc.*, 107 Wn. App. 885, 893, 28 P.3d 823 (2001) (appellate court reviews questions of arbitrability de novo), *review denied*, 145 Wn.2d 1027 (2002).

[4] *McCandlish Elec., Inc. v. Will Constr. Co.*, 107 Wn. App. 85, 93, 25 P.3d 1057, *review denied*, 145 Wn.2d 1012 (2001).

festly unreasonable or based upon untenable grounds or reasons."[5]

RCW 7.06.050 provides that within 20 days after the arbitrator files his decision, any aggrieved party may file a written notice of appeal and notice of a trial de novo in the superior court.[6]

■ A trial de novo following arbitration is treated as an appeal. In *Singer v. Etherington*,[7] we addressed the status of a trial de novo following a mandatory arbitration. Although the issue was attorney fees, we first determined that "[a] trial de novo in superior court is actually an appeal . . . ."[8] In reaching this conclusion, we analogized to small claims court appeals, and cited *Valley v. Hand*.[9] In *Valley*, we held that "the proceedings in the Superior Court constituted an appeal within the meaning of RCW 4.84.290, even though [the] scope of review is trial de novo."[10]

MAR 7.1(a) outlines the procedures required to file a notice for trial de novo.[11] To preserve the right to "appeal"

---

[5] *Davis v. Globe Mach. Mfg. Co.*, 102 Wn.2d 68, 77, 684 P.2d 692 (1984).

[6]

**7.06.050. Decision and award—Appeals—Trial—Judgment** (1) Following a hearing as prescribed by court rule, the arbitrator shall file his decision and award with the clerk of the superior court, together with proof of service thereof on the parties. Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. Such trial de novo shall thereupon be held, including a right to jury, if demanded.

. . . .

(2) *If no appeal has been filed* at the expiration of twenty days following filing of the arbitrator's decision and award, a judgment shall be entered and may be presented to the court by any party, on notice, which judgment when entered shall have the same force and effect as judgments in civil actions.

(Emphasis added.)

[7] 57 Wn. App. 542, 789 P.2d 108 (1990).

[8] *Singer*, 57 Wn. App. at 546.

[9] 38 Wn. App. 170, 684 P.2d 1341 (1984).

[10] *Valley*, 38 Wn. App. at 172.

[11]

RULE 7.1 **REQUEST FOR TRIAL DE NOVO**

**(a) Service and Filing.** Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may

an arbitrator's decision, an aggrieved party must file its request within 20 days.[12] Thomas-Kerr claims she did not know that she needed to file a request for trial de novo once Brown filed a request and that only one party need request a trial to preserve the right for both parties. She argues that the MAR are not clear as to whether a unilateral withdrawal of a request for a trial de novo terminates the action.

Thomas-Kerr cites to the *Alternate Dispute Resolution Deskbook* to support her position that once a party files a trial de novo request, the other party need not file a request to preserve its right to trial.[13] However, the *Handbook* also explains that "[t]he present rules do not provide a procedure for the filing of subsequent requests under those or any other circumstances."[14] The MAR do not provide a procedure to file a later request for trial de novo if the other party withdraws its request.[15]

Thomas-Kerr's interpretation of the MAR is not supported by prior cases or a reading of the arbitration statute.[16] The language in both RCW 7.06.050[17] and MAR

---

serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended.

[12] *See* MAR 7.1; *see also* WASH. STATE BAR ASS'N, ALTERNATE DISPUTE RESOLUTION DESKBOOK § 2.3(7)(a)(i), at 2-48 (1989) (recognizing that to *preserve* right, the aggrieved party must file request with clerk).

[13] "[N]o party needs to file any kind of 'cross' request for trial de novo to preserve its position at the subsequent trial . . . . If, however, the party filing the request for trial de novo later withdraws it, the other party or parties should be given a reasonable opportunity to file such a request." WASHINGTON STATE BAR ASS'N, *supra*, § 2.3(7)(a)(iii), at 2-50.

[14] WASHINGTON STATE BAR ASS'N, *supra*, § 2.3(7)(a)(iii), at 2-50.

[15] This issue may be best addressed by amending the arbitration statute and MAR.

[16] To support her reading, Thomas-Kerr cites several California cases that do not allow unilateral withdrawal. However, California's rule does not provide procedures for unilateral withdrawal. Washington's MAR do impliedly provide such a right.

7.1 is clear that *"any* aggrieved party" may file a request.[18] We have consistently " 'construed the word "any" to mean "every" and "all." ' "[19] Thus, any aggrieved party, including Thomas-Kerr, was on notice that the party must file a request for trial de novo to preserve the right to a jury trial.

■ In *Nevers v. Fireside, Inc.*,[20] the Washington Supreme Court held that "failure to strictly comply with MAR 7.1(a)'s filing requirement prevents the superior court from conducting a trial de novo."[21] The court explained that substantial compliance with the rule was insufficient.[22] *Nevers* specifically requires the aggrieved party to file both a notice for trial de novo and proof of service within 20 days.[23] The *Nevers* rationale mandates strict compliance based on the plain, unambiguous language of the rule. The court later strictly construed MAR 6.2, which governs filing an arbitrator's decision.[24]

■ The Washington Supreme Court based both rulings on the plain language of the MAR, and also noted that strict compliance better effectuates the legislature's intent in enacting the statutes upon which the arbitration rules are based. The Supreme Court has consistently recognized that the intent of the MAR is to " 'alleviate the court congestion and reduce the delay in hearing civil cases.' "[25]

---

[17] RCW 7.06.050 provides that "[w]ithin twenty days after such filing, *any aggrieved party may file* with the clerk a written notice of appeal and request for a trial de novo . . . ." (emphasis added).

[18] RCW 7.06.050 (emphasis added).

[19] *State v. Smith*, 117 Wn.2d 263, 271, 814 P.2d 652 (1991) (quoting *State v. Harris*, 39 Wn. App. 460, 463, 693 P.2d 750 (1985)). *See also State v. Westling*, 145 Wn.2d 607, 611, 40 P.3d 669 (2002).

[20] 133 Wn.2d 804, 947 P.2d 721 (1997).

[21] *Nevers*, 133 Wn.2d at 811-12.

[22] *Nevers*, 133 Wn.2d at 815.

[23] *Nevers*, 133 Wn.2d at 815.

[24] *Roberts v. Johnson*, 137 Wn.2d 84, 93, 969 P.2d 446 (1999).

[25] *Wiley v. Rehak*, 143 Wn.2d 339, 344, 20 P.3d 404 (2001) (quoting *Christie-Lambert Van & Storage Co. v. McLeod*, 39 Wn. App. 298, 302, 693 P.2d 161 (1984)).

In several cases after *Nevers,* litigants made mistakes that caused them to lose their respective rights to trial de novo. In *Pybas v. Paolino,*[26] the respondents' attorney delivered a notice for trial de novo to a messenger service with directions to file it with the court. For inexplicable reasons, the notice was not filed before the 20-day deadline. On that basis, we held that the requesting party was not entitled to a trial de novo.[27] In *State ex rel. J.M.H. v. Hofer,*[28] an attorney was delayed in filing the request for trial de novo because he had suffered a head injury; nonetheless, we held that the untimely filing precluded a trial de novo.[29]

██ None of the above cases specifically addressed whether a cross-request must be filed to preserve a litigant's right to appeal an arbitrator's decision, but each case strictly applied the MAR. We conclude that when one party files, then withdraws its request for trial de novo, the other party must have timely filed its own request for a trial de novo to preserve its right to appeal an arbitrator's decision.

██ Thomas-Kerr argues that by allowing Brown to unilaterally withdraw his request for a jury trial, her fundamental constitutional rights were violated. This argument is without merit. Due process requires that litigants be given a meaningful opportunity to be heard.[30] Thomas-Kerr had that opportunity when she had her claim transferred to an arbitrator. Following entry of the arbitrator's award, she was also provided the opportunity to request a trial de novo.[31] She did not assert that right.[32] When Brown

---

See also *Roberts,* 137 Wn.2d at 89; *Nevers,* 133 Wn.2d at 815; *Perkins Coie v. Williams,* 84 Wn. App. 733, 737, 929 P.2d 1215 (1997).

[26] 73 Wn. App. 393, 869 P.2d 427 (1994).

[27] *Pybas,* 73 Wn. App. at 404-05.

[28] 86 Wn. App. 497, 942 P.2d 979 (1997).

[29] *Hofer,* 86 Wn. App. at 501.

[30] *Carlstrom v. Hanline,* 98 Wn. App 780, 789-90, 990 P.2d 986 (2000). *See also* U.S. Const. amend. XIV, § 1.

[31] *See* MAR 7.1.

withdrew his request, her rights were not affected because she had previously made an affirmative decision not to pursue a trial de novo. We conclude that Thomas-Kerr was afforded a meaningful opportunity to be heard and that, because Thomas-Kerr chose not to appeal the arbitrator's decision, her fundamental due process rights were not abridged.

Once a case has been transferred to mandatory arbitration, the civil rules generally do not apply. MAR 1.3(b)(1) provides as follows:

> Until a case is assigned to the arbitrator under rule 2.3, the rules of civil procedure apply. After a case is assigned to the arbitrator, these arbitration rules apply except where an arbitration rule states that a civil rule applies.

For example, the rules specifically prohibit an extension of the 20-day time period for requesting a trial de novo.[33] A judgment on the award is neither subject to appellate review nor subject to attack or vacation except by a motion to vacate under CR 60.[34] A notable exception is that while a case is assigned to an arbitrator, the plaintiff has the ability to withdraw under CR 41(a).[35] However, once the arbitrator makes an award, the plaintiff no longer has the right to withdraw without permission. This interpretation is consistent with the rule's purpose and plain language. Thus, we reject Thomas-Kerr's alternative argument that she should have been permitted to take a voluntary nonsuit under CR 41(a) when Brown decided to withdraw his request for trial de novo.

---

[32] Thomas-Kerr's decision not to file her own request appears to be tactical. Her brief states: "Mrs. Kerr was intending to file a Request for Trial De Novo as she felt aggrieved by the arbitration award but frankly was hoping that Allstate would follow their pattern of routinely requesting a trial de novo so that she would not be the party at risk for being assessed fees and costs under MAR 7.3."

[33] MAR 7.1(a).

[34] *See* MAR 6.3.

[35] MAR 1.3(b)(4) states, "The arbitrator shall have the power to dismiss an action, under the same conditions and with the same effect as set forth in CR 41(a), at any time prior to the filing of an award."

Although the MAR provide limited relief from a judgment following an arbitration award, CR 41(a) cannot be used to circumvent the arbitration statute and the finality of judgments.[36] Once the arbitrator presents an award to the court, either party has 20 days to appeal the decision. If neither party appeals in the 20-day period, MAR 6.3 requires the court to enter a judgment.[37] MAR 6.3 does not allow a plaintiff to nonsuit a case following a decision by the arbitrator.

Affirmed.

KENNEDY, J., concurs.

SCHINDLER, J. (concurring) — I agree the current rules imply a right to unilaterally withdraw a trial de novo request and, therefore, I concur, but write separately to urge the Supreme Court to amend the mandatory rules to address the unfairness that may result from permitting a party to unilaterally withdraw its request for a trial de novo.

When a request for a trial de novo is filed, the current rules do not provide for the filing of a cross-request by the other party. As noted by the authors of *Arbitration and Mediation in Washington*:

> There is no system of "cross-appeals" in a request for trial de novo. If a timely request for trial de novo has been served and filed by any party, all parties are before the court, and no party needs to file any kind of "cross" request for trial de novo to preserve its position at the subsequent trial. A request for trial de novo is unlike an appeal to the Court of Appeals or to the

---

[36] *Cf. Pybas*, 73 Wn. App. at 398 (holding that "CR 60 cannot be used merely to circumvent the time constraints of other rules").

[37] MAR 6.3 reads:

If within 20 days after the award is filed no party has sought a trial de novo under rule 7.1, the prevailing party on notice as required by CR 54(f) shall present to the court a judgment on the award of arbitration for entry as the final judgment. A judgment so entered is subject to all provisions of law relating to judgments in civil actions, but it is not subject to appellate review and *it may not be attacked or set aside except by a motion* to vacate under CR 60.

(Emphasis added.)

Supreme Court, which does establish cross-appeals. RAP 5.1(d). If, however, the party filing the request for trial de novo later withdraws it, the other party or parties should be given a reasonable opportunity to file such a request. The present rules do not provide a procedure for the filing of subsequent requests under those or any other circumstances.

M. Wayne Blair, *Arbitration and Mediation in Washington*, *in* WASH. STATE BAR ASS'N ALTERNATE DISPUTE RESOLUTION DESKBOOK § 2.3(7)(a)(iii) (1989). Under the present rules, the party who has been unable to confirm the arbitration award because of the pending de novo request is now also unable to pursue a de novo trial. The effect is to foreclose that party from both the benefit of the prompt payment of the arbitration award and the value (if any) of proceeding to trial, and perhaps improving on the arbitration result. Because many cases, like this one, involve continuing damages, this may allow a party to use this tactic for strategic advantage and gamble on the plaintiff's condition. If the plaintiff's condition improves and the defendant is the party requesting the trial de novo, then trial is advantageous; if it worsens, the de novo request can be withdrawn. (The reverse applies when plaintiff is the requesting party.) In the meantime, the award remains unconfirmed, and the parties have the expense of preparing for trial.

Court rules should not create a strategic advantage for one party over the other, and especially should not create an advantage from delay. The objective of mandatory arbitration is not just a less costly and more expeditious proceeding; it is also a fair resolution. As this case demonstrates, the present rules sometimes promote the opposite. A simple amendment explicitly providing for the filing of a cross-request for trial de novo or, perhaps more appropriately, providing that withdrawal is not a matter of right on unilateral motion will correct this injustice, and I respectfully urge the Supreme Court to so amend the rules.