[No. 85570-6.   En Banc.]
Argued October 25, 2011.   Decided March 8, 2012.

PATRICK A. WILLIAMS ET AL., *Petitioners*, v. FESSEHA K. TILAYE ET AL., *Respondents*.

*Jason E. Anderson* (of *Law Office of Jason E. Anderson*); *Patrick J. Kang* (of *Premier Law Group*); and *Riley Lovejoy*, for petitioners.

*Philip Randolph Meade* and *Sylvia J. Hall* (of *Merrick Hofstedt & Lindsey PS*); and *Howard M. Goodfriend* (of *Smith Goodfriend PS*), for respondents.

¶1 CHAMBERS, J. — This case involves two different statutory schemes awarding attorney fees. One scheme, RCW 7.06.050-.060, discourages frivolous appeals from mandatory arbitration. It does so by providing a penalty for parties that appeal a mandatory arbitration decision by requesting a trial de novo and do no better at the trial de novo than in arbitration. The other scheme, RCW 4.84.250-.300, encourages parties to settle before going to court in cases where the amount in controversy is $10,000 or less. It does so in

part by allowing a plaintiff to recover attorney fees if the plaintiff makes an offer of settlement at least 10 days before the initial trial, the offer is rejected, and the plaintiff recovers more than was offered. The question is whether the second scheme may be invoked for the first time 10 days before a trial de novo, rather than 10 days before the arbitration hearing, by a plaintiff that appeals an arbitration decision.

¶2  Here, after receiving no award in mandatory arbitration, plaintiffs Patrick Williams and Andrea Harris requested a trial de novo. Before the trial de novo, but after the arbitration decision, they each made offers of settlement for less than $10,000, which were not accepted by the defendants. After success at the trial de novo, the plaintiffs applied for and received prevailing party attorney fees under RCW 4.84.250. Harris and Williams argue that although they offered to settle for under $10,000 after the mandatory arbitration, RCW 4.84.250-.300 allows them to recover attorney fees as long as they made their offers 10 days before the trial de novo. We disagree. We affirm the Court of Appeals and hold that RCW 4.84.250-.300, which is designed to encourage prompt settlement of small claims, applies only to a plaintiff that seeks recovery of $10,000 or less and makes an offer of settlement 10 days before the initial hearing, whether it is a trial or an arbitration.

## FACTS

¶3  On December 25, 2005, a cab driven by Fesseha Tilaye collided with the car in which Harris and Williams were traveling. Harris and Williams contended that while both vehicles were southbound on Interstate 5, Tilaye had overcorrected, lost control, and caused the collision. Before taking any legal action, they offered to settle any claims of liability for over $20,000 each. When the offers were refused, Harris and Williams filed suit in superior court. The case then proceeded to mandatory arbitration. Harris and

Williams lost and received no award at arbitration. Their lawyer declined to appeal by requesting a trial de novo and withdrew from the case. Because of the posture of their case, Harris and Williams had some difficulty obtaining new counsel, but eventually found an attorney willing to represent them. Before the trial de novo, Harris offered to settle her claims for $9,000. Williams offered to settle for $3,900. Both offers were refused, and the case proceeded to a three day de novo bench trial. The trial judge awarded Harris $20,512 and Williams $7,482.

¶4 Harris and Williams sought attorney fees under RCW 4.84.250. The statutory scheme in RCW 4.84.250-.300 allows reasonable attorney fees to a plaintiff in an action for $10,000 or less if the plaintiff offers to settle at least 10 days before trial, the offer is rejected, and the plaintiff recovers more at trial than was offered. *See* RCW 4.84.250-.300. The trial court found that because Harris and Williams had made offers of settlement for under $10,000 before the trial de novo, and they had recovered more at trial than they had offered, they were entitled to attorney fees under RCW 4.84.250. The court awarded Harris $49,847.50 and Williams $25,722.00 in reasonable attorney fees and costs. The Court of Appeals reversed the trial court's award of fees, reasoning that when the attorney fees scheme in RCW 4.84.250-.300 is applied to mandatory arbitration, the arbitration is equivalent to the original trial, and the trial de novo is equivalent to an appeal. *Williams v. Tilaye*, noted at 158 Wn. App. 1001, 2010 WL 3835228, at *2-3, 2010 Wash. App. LEXIS 2261, at *4-5. Since Harris and Williams did not make any offer of settlement prior to arbitration, the Court of Appeals held they did not successfully invoke the statutory scheme and were therefore not entitled to attorney fees under RCW 4.84.250. *Id.* Harris and Williams appealed, and we accepted review. *Williams v. Tilaye*, 171 Wn.2d 1019, 253 P.3d 393 (2011).

## DISCUSSION

I. Standard of Review

■ ¶5 Resolution of this case requires interpreting, and if possible harmonizing, two statutes granting reasonable attorney fees under certain circumstances. Statutory interpretation is a question of law reviewed de novo. *State v. Wentz*, 149 Wn.2d 342, 346, 68 P.3d 282 (2003). Interpreting statutes requires the court to discern and implement the legislature's intent. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003).

II. Attorney Fees for Claims of $10,000 or Less in RCW 4.84.250-.300

■ ¶6 Generally, each party in a civil action must bear its own attorney fees. *Cosmopolitan Eng'g Grp., Inc. v. Ondeo Degremont, Inc.*, 159 Wn.2d 292, 296, 149 P.3d 666 (2006). RCW 4.84.250 is an exception to this general rule; it allows reasonable attorney fees to a prevailing party in any action where $10,000 or less is claimed by the pleading party, exclusive of costs.[1] To be a prevailing party under the statute a plaintiff must (1) seek recovery of $10,000 or less, (2) make an offer of settlement at least 10 days before trial, and (3) recover as much or more than it offered in settlement. RCW 4.84.250, .260. Alternatively, the defendant can be the prevailing party if either the plaintiff recovers nothing or the defendant makes an offer 10 days or more before trial and the plaintiff recovers as much as or less

---

[1] The statute confusingly states that "the amount pleaded by the *prevailing party* as hereinafter defined" must be less than $10,000. RCW 4.84.250 (emphasis added). But the "prevailing party" as defined can, depending on whether or how much the plaintiff recovers, be the defendant. RCW 4.84.270. Since in most cases the defendant is not pleading any amount, the statute might more accurately read "the amount in controversy" or "the amount pleaded by the plaintiff." In fact, this court has interpreted the statute in just this way. *Reynolds v. Hicks*, 134 Wn.2d 491, 502, 951 P.2d 761 (1998) ("Attorneys fees under RCW 4.84.250 are to be awarded to the prevailing party if the *pleading party* sought damages, exclusive of costs, of $10,000 or less." (emphasis added) (citing RCW 4.84.250)).

than that offer. RCW 4.84.270. Finally, under RCW 4.84-.290, "the prevailing party on appeal shall be considered the prevailing party for the purpose of applying the provisions of RCW 4.84.250." These statutes have multiple purposes of encouraging out-of-court settlements, penalizing parties who unjustifiably bring or resist small claims, and enabling a party to pursue a meritorious small claim without seeing the award diminished by legal fees. *Beckmann v. Spokane Transit Auth.*, 107 Wn.2d 785, 788, 733 P.2d 960 (1987) (citing *Valley v. Hand*, 38 Wn. App. 170, 684 P.2d 1341 (1984) and quoting *Northside Auto Serv., Inc. v. Consumers United Ins. Co.*, 25 Wn. App. 486, 492, 607 P.2d 890 (1980)).

III. ATTORNEY FEES IN MANDATORY ARBITRATION UNDER RCW 7.06.060

■ ¶7 The mandatory arbitration scheme is another exception to the general rule that each party bears its own attorney fees; it also provides for reasonable attorney fees under certain circumstances. Mandatory arbitration was established by the legislature in 1979.[2] LAWS OF 1979, ch. 103, §§ 1-10. Mandatory arbitration is authorized by the legislature at the option of each county and applies to claims where the claimant limits the amount claimed to $50,000 or less.[3] After the arbitrator files a decision, either party may request a "trial de novo." RCW 7.06.050(1). If a party requests a trial de novo, but fails at trial to improve upon its arbitration award, the court will assess costs, reasonable attorney fees, and expert witness expenses against that party. RCW 7.06.060(1), (2). Between arbitration and a trial de novo, the party not requesting a trial de novo can make an offer of compromise. RCW 7.06.050(1)(a).

---

[2] The attorney fees scheme in RCW 4.84.250-.300 was first enacted in 1973 and has been amended several times. LAWS OF 1973, ch. 84, §§ 1-7.

[3] All civil actions are subject to arbitration where the amount in controversy is no more than $15,000 or up to $50,000 if approved by the county's superior court. RCW 7.06.020(1).

If the offer of compromise is refused, the offer replaces any arbitration award for the purposes of determining whether the party who requested a trial de novo improved its position. RCW 7.06.050(1)(b). Importantly, under this attorney fees scheme, only a party requesting a trial de novo is at risk of having reasonable attorney fees assessed against it. The purpose of the rule awarding attorney fees in this context is to discourage meritless appeals of arbitration awards. *Wiley v. Rehak*, 143 Wn.2d 339, 348, 20 P.3d 404 (2001) (quoting *Perkins Coie v. Williams*, 84 Wn. App. 733, 737-38, 929 P.2d 1215 (1997)).

IV. ANALYSIS

■ ¶8 We interpret statutes so as to give effect to the legislature's intent. *J.P.*, 149 Wn.2d at 450. To determine the intent of the legislature in adopting legislation, we read a statutory provision in context with the whole statutory scheme and related statutes. *See Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 11-12, 43 P.3d 4 (2002).

¶9 The statutes providing for attorney fees for small claims and for mandatory arbitration were adopted at different times and for different reasons. As we have said, the former is to discourage those who unjustifiably bring or resist claims for small amounts while the latter is to discourage unwarranted appeals from mandatory arbitration. Mandatory arbitration is intended to provide a relatively expedient procedure to resolve claims where the plaintiff is willing to limit the amount claimed. Mandatory arbitrations are processed under the supervision of the superior court with discovery, hearings on the merits, and a procedure to reduce the arbitrator's award to judgment. *See* MAR 1.3, 4.2, 5.1, 6.3. If there was no disincentive for requesting a trial de novo following the arbitration, mandatory arbitration itself could become just another procedural step before trial. As Tilaye points out, mandatory arbitration would be nothing more than a dress rehearsal for the real trial, with each side getting a good look at the other's case.

■ ¶10 Under RCW 7.06.060, only the party requesting the trial de novo is at risk of paying the other party's attorney fees. The party requesting the trial de novo must improve its position or pay its opponent's attorney fees. RCW 7.06.060(1). By this mechanism, the nonappealing party is compensated for having been put through a useless appeal and the attorney fees operate as a disincentive or penalty for a party that pursues a meritless appeal. The penalty can be substantial. But petitioners Harris and Williams contend that the threat of attorney fees under RCW 4.84.250 can be employed by the *appealing* party against the *nonappealing* party for the first time on an appeal from arbitration. In other words, they argue the plaintiff may invoke the statutory scheme by making an offer of settlement under RCW 4.84.280 for the first time after arbitration but 10 days before trial de novo.

¶11 If the legislature had intended that RCW 4.84.250 be applicable to mandatory arbitration in the manner asserted by the petitioners, the deterrent for unwarranted requests for trial de novo would be severely compromised. An unsuccessful plaintiff could always request a trial de novo and then shift the risk to the nonrequesting defendant by offering to settle for under $10,000. The defendant who prevailed at the arbitration hearing and did not request a trial de novo would then be at risk of paying reasonable attorney fees. Since the reasonable attorney fees could be substantially more than the underlying claim (for example here the combined fees for Harris and Williams were approximately $75,000), there would be an inordinate incentive for the defendant to settle. Applying RCW 4.84.250 to the trial de novo in the manner proposed by the petitioners would in fact create an incentive to appeal an arbitration award.

¶12 Our Court of Appeals has been careful to limit each statutory scheme for prevailing party attorney fees to its appropriate application. The Court of Appeals has routinely held in the context of small claims in district court that a

trial de novo in superior court is an appeal for purposes of applying RCW 4.84.250-.300. In *Hertz v. Riebe*, 86 Wn. App. 102, 105, 936 P.2d 24 (1997), the Riebes sought attorney fees on appeal "based on their settlement offer after the district court judgment, but before the trial de novo in superior court." The court held that the Riebes were not entitled to attorney fees because the settlement offer was not made "10 days before the district court trial" rather than the trial de novo. *Id.* at 107. In *Valley*, 38 Wn. App. at 172, the court expressly held that "the proceedings in the Superior Court constituted an appeal within the meaning of RCW 4.84.290, even though scope of review is trial de novo."[4] There are numerous other examples from the Court of Appeals treating the trial de novo in superior court as the first "appeal" for purposes of applying RCW 4.84.250-.300 in a small claims context. *E.g.*, *Kalich v. Clark*, 152 Wn. App. 544, 551, 215 P.3d 1049 (2009) (authorizing fee award for fees and costs "incurred appealing the district court judgment" (citing *McConnell v. Mothers Work, Inc.*, 131 Wn. App. 525, 531, 128 P.3d 128 (2006))); *Last Chance Riding Stable, Inc. v. Stephens*, 66 Wn. App. 710, 714, 832 P.2d 1353 (1992) (reversing improper award of attorney fees on "appeal" to superior court).

¶13 The same logic has been followed by the Court of Appeals in the arbitration context. In *Singer v. Etherington*, 57 Wn. App. 542, 546, 789 P.2d 108, 802 P.2d 133 (1990), the court directly addressed the question at issue in this case, holding that "[a] mandatory arbitration proceeding is treated as the original trial when applying RCW

---

[4] RCW 4.84.290 states, "[T]he prevailing party on appeal shall be considered the prevailing party for the purpose of applying the provisions of RCW 4.84.250." *Valley* contradicts *Hertz* to the extent that it holds an award of attorney fees on appeal under RCW 4.84.290 does not require an offer of settlement at all. *Valley*, 38 Wn. App. at 173. *Hertz* states that to recover fees, the prevailing party on appeal still has to have made an offer before the initial district court action. *Hertz*, 86 Wn. App. at 107. To be a prevailing party under RCW 4.84.290, a plaintiff must have made an offer of settlement 10 days before the initial hearing. This rule accords with our decision today and will be clear and easy to follow for courts and litigants in the future. We overrule *Valley* to the extent it is inconsistent with this opinion.

4.84.290.[5] The trial de novo is the appeal." In *Thomas-Kerr v. Brown*, 114 Wn. App. 554, 558, 59 P.3d 120 (2002), the Court of Appeals reiterated that by analogy with small claims cases, "[a] trial de novo following arbitration is treated as an appeal" for purposes of applying RCW 4.84.250-.300.

¶14 The petitioners contend that these cases are no longer good law following this court's decision in *Malted Mousse, Inc. v. Steinmetz*, 150 Wn.2d 518, 79 P.3d 1154 (2003). They also claim that the Court of Appeals decision in *Singer* is incorrect because it would render certain statutory provisions superfluous. *See Singer*, 57 Wn. App. at 546. Finally, they argue that because RCW 4.84.280 states that offers of settlement must be served on the opposing party "at least ten days prior to trial,"[6] and a trial is not mandatory arbitration, the requirement cannot apply to mandatory arbitration. All three arguments fail.

¶15 First, *Malted Mousse* does not address the question presented here. It states that a trial de novo is "conducted as if the parties never proceeded to arbitration." *Malted Mousse*, 150 Wn.2d at 528. But this has no bearing on whether a trial de novo should be treated as an appeal in the context of RCW 4.84.250 attorney fees. Indeed, the *Malted Mousse* opinion expressly refers to "the trial de novo appeal process from mandatory arbitration." *Id.* at 522. As this court explained long ago in the context of an appeal from a municipal court to superior court, "the trial of the case in the superior court de novo, as it must have been so

---

[5] "If the case is appealed, the prevailing party on appeal shall be considered the prevailing party for the purpose of applying the provisions of RCW 4.84.250." RCW 4.84.290.

[6] RCW 4.84.280 states in full:

Offers of settlement shall be served on the adverse party in the manner prescribed by applicable court rules at least ten days prior to trial. Offers of settlement shall not be served until thirty days after the completion of the service and filing of the summons and complaint. Offers of settlement shall not be filed or communicated to the trier of the fact until after judgment, at which time a copy of said offer of settlement shall be filed for the purposes of determining attorneys' fees as set forth in RCW 4.84.250.

tried upon the appeal that was taken thereto, was an exercise of the appellate jurisdiction of the superior court as the law contemplated, and was not the exercise of original jurisdiction by the superior court." *City of Camas v. Kiggins*, 120 Wash. 40, 46, 206 P. 951 (1922) (emphasis omitted). As *Kiggins* suggests, the fact that a trial de novo takes place in superior court as if no prior proceeding had occurred is irrelevant to whether the trial de novo is considered an appeal from a prior proceeding. *Id.*

¶16 Second, the decision in *Singer* does not render any statutory language superfluous. In *Singer* the court held that a trial de novo was an appeal for the purposes of applying RCW 4.84.290. *Singer*, 57 Wn. App. at 546. RCW 4.84.290 states in relevant part:

> If the case is appealed, the prevailing party on appeal shall be considered the prevailing party for the purpose of applying the provisions of RCW 4.84.250: PROVIDED, That if, on appeal, a retrial is ordered, the court ordering the retrial shall designate the prevailing party, if any, for the purpose of applying the provisions of RCW 4.84.250.

The petitioners argue that because a superior court in a trial de novo cannot order a rearbitration, the provision for ordering a retrial is superfluous and meaningless. The argument fails on its face because the provision does not require a retrial but is contingent upon a retrial being ordered. If there is no retrial, the provision does not apply. The fact that a superior court cannot order a retrial from a trial de novo does not render the provision superfluous.

¶17 Third, the petitioners' definitional arguments also fail. The petitioners offer definitions of "trial" and "arbitration" from *Black's Law Dictionary* to show that a trial is not mandatory arbitration. They also rely on the fact that the legislature in another statute refers to both a "trial" and "mandatory arbitration."[7] If the petitioners' argument is

---

[7] RCW 4.84.010 defines certain costs allowed to the prevailing party upon judgment. RCW 4.84.010(5) includes as costs expenses "incurred in obtaining

accepted, then RCW 4.84.250-.300 cannot apply at all to mandatory arbitration because mandatory arbitration is mentioned nowhere in the statutory scheme. But the statute dealing with costs and attorney fees in the context of mandatory arbitration expressly states that "even though at the trial de novo the appealing party may have improved his or her position from the arbitration, this section does not preclude the prevailing party from recovering those costs and disbursements otherwise allowed under chapter 4.84 RCW, *for both actions*." RCW 7.06.060(3) (emphasis added). Because RCW 7.06.060(3) plainly contemplates that attorney fees under RCW 4.84.250-.300 are available in both mandatory arbitration and a trial de novo, it conflicts with the petitioners' interpretation of RCW 4.84.250-.300.

¶18 That conflict disappears under the rule established by the Court of Appeals that like small claims in district court, "[a] trial de novo following arbitration is treated as an appeal" for purposes of applying RCW 4.84.250-.300. *Thomas-Kerr*, 114 Wn. App. at 558. If the trial de novo is treated as the appeal, and the mandatory arbitration as the original "trial," then the two schemes can operate in harmony.

¶19 The petitioners' interpretation would also skew the incentives created by both statutory schemes and frustrate their purposes. Again, reasonable attorney fees assessed against the party that appeals an arbitration award and fails to improve its position on appeal are meant to discourage meritless appeals of arbitration awards. *Wiley*, 143 Wn.2d at 348 (quoting *Perkins Coie*, 84 Wn. App. at 737-38). If, as the petitioners argue, RCW 4.84.250 applies where offers of settlement are made for the first time after arbitration, a plaintiff dissatisfied with the arbitration result, instead of hesitating to appeal for fear that attorney fees may be imposed if the plaintiff does not improve its

reports and records, which are admitted into evidence at trial or in mandatory arbitration." RCW 4.84.010(7) includes as costs "the reasonable expense of the transcription of depositions used at trial or at the mandatory arbitration."

position, could shift the risk in large part to the defendant by offering to settle for $10,000 or less 10 days before the trial de novo. Because the nonappealing defendant would then be faced with the risk of substantial attorney fees, there would be an enormous incentive for the defendant to settle relatively cheaply rather than risk an adverse result on appeal. Rather than discouraging meritless appeals from arbitration, this procedure would create an incentive to appeal from arbitration. Further, this interpretation would be perverse because it would almost always benefit plaintiffs and almost always disfavor defendants.

## CONCLUSION

¶20 We hold that in order to invoke the attorney fees scheme under RCW 4.84.250-.300, a plaintiff must make an offer of settlement 10 days before the initial hearing, whether it is a trial or arbitration. Because the petitioners in this case did not make an offer at least 10 days before the mandatory arbitration in this case, they are not entitled to attorney fees under RCW 4.84.250-.300. We affirm the Court of Appeals.

MADSEN, C.J.; C. JOHNSON, OWENS, FAIRHURST, J.M. JOHNSON, STEPHENS, and WIGGINS, JJ.; and ALEXANDER, J. PRO TEM., concur.