IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| SHERRY KING, | ) | No. 73936-1-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, a foreign | ) | |
| corporation doing business in | ) | UNPUBLISHED OPINION |
| Washington, and DILLON MCCARTEN | ) | |
| and "JANE DOE" MCCARTEN, | ) | |
| husband and wife and their marital | ) | |
| community, Jointly and Severally, | ) | |
| | ) | |
| Respondents. | ) | FILED: December 21, 2015 |

SCHINDLER, J. — Sherry King was involved in an automobile accident with an

uninsured driver on March 8, 2011. On April 20, 2011, King was involved in an

automobile accident with Dillon McCarten. King filed a personal injury lawsuit against

her insurance carrier State Farm Mutual Automobile Insurance Company (State Farm)

and McCarten alleging damages and joint and several liability. Following arbitration,

State Farm filed a motion to enter a judgment on the arbitration award. King claims the

court erred in entering the "Order Granting Defendant State Farm's Motion for Entry of

Final Judgment and Judgment Summary and Satisfaction of Judgment" and in denying

McCarten's motion to dismiss. We disagree, and affirm.

Sherry King was involved in a rear-end accident with an uninsured driver on March 8, 2011. Approximately six weeks later on April 20, King was involved in an automobile accident with Dillon McCarten.

On May 23, 2013, King filed a personal injury lawsuit against her insurance carrier State Farm and McCarten. King alleged she was "seriously injured" in the March 8, 2011 rear-end collision and suffered economic and noneconomic damages.[1] King alleged that on April 20, 2011 while she was driving north on Interstate 405, her vehicle unexpectedly lost power and McCarten hit her car while traveling "at a high rate of speed." The lawsuit alleged the "injuries and damages suffered by Plaintiff Sherry King in the two collisions cannot be reasonably apportioned" and asserted State Farm and McCarten "are jointly and severally liable for Plaintiff's injuries and damages."

State Farm filed an answer admitting an uninsured driver was responsible for the March 8, 2011 rear-end collision and King was entitled to damages. State Farm denied damages could not be apportioned. McCarten filed an answer denying negligence and claimed he was entitled to an "offset and setoff."

On August 28, 2013, King filed a motion to transfer the case to arbitration. King stated the "sole relief being sought is a money judgment and involves no claim in excess of fifty thousand dollars ($50,000), exclusive of attorney fees, interest and costs." The court granted the motion to transfer the case to arbitration. Before arbitration, State Farm agreed to pay King $4,000 regardless of the outcome of the arbitration.

---

[1] King also alleged State Farm acted in bad faith; violated insurance regulations; and violated the Consumer Protection Act, chapter 19.86 RCW. On February 13, 2014, King stipulated to dismissal under CR 41(a)(1)(A) of these claims against State Farm.

King, State Farm, and McCarten participated in the arbitration on March 11, 2014. King and McCarten testified. The arbitrator admitted into evidence a number of exhibits including medical records, police reports, and photographs.

On March 20, the arbitrator filed the arbitration award. The arbitrator found the March 8, 2011 collision with the uninsured motorist was "a low impact accident without severe property damage, and without severe bodily injury." The arbitrator found King had "substantially recovered" before the April 20, 2011 accident. The arbitrator found the April 20, 2011 collision was a "high velocity, significant impact accident." The arbitrator determined "the damages suffered by Ms. King in the second accident are divisible from the damages she suffered from in the first accident."

The arbitrator found McCarten negligent and "no comparative negligence on Ms. King's part." The arbitrator concluded the "total amount of damages that Mr. McCarten is responsible for is $45,000.00" plus medical bills totaling $17,859.83. However, the arbitrator limited the award to the mandatory arbitration limit of $50,000.00 plus $2,156.95 in costs. The arbitrator noted the mandatory arbitration limits precluded consideration of future damages.

As previously agreed, State Farm paid King $4,000 plus $823 in costs. On April 8, King and McCarten entered into a settlement agreement. King agreed to settle her claim against McCarten for $50,000. King signed a "Release of All Claims and Hold Harmless Agreement" and a stipulated order of dismissal. No party filed a request for a trial de novo.

3

In August, King submitted an underinsured motorist claim to State Farm for damages from the April 20, 2011 accident with McCarten that exceeded the arbitration award of $50,000.

State Farm filed a motion for entry of judgment on the arbitration award. King opposed the motion arguing State Farm lacked standing. McCarten opposed the motion for entry of the judgment. McCarten filed a motion to dismiss King's claims against him with prejudice based on the agreed stipulation to dismiss.

The court granted the motion to enter a judgment on the arbitration award. The judgment states State Farm is liable to King for $3,500.00 from the March 8, 2011 accident but the judgment "has been fully satisfied." The judgment states McCarten is liable to King for $50,000.00 plus costs of $2,156.95 for the April 20, 2011 accident but states the "judgment against McCarten has been fully satisfied." The court denied McCarten's motion to dismiss. King appeals.

King argues State Farm did not have standing to seek entry of the judgment on the arbitration award. We disagree.

The mandatory arbitration statute, chapter 7.06 RCW, expressly authorized State Farm to seek entry of judgment on the arbitration award. Mandatory arbitration "applies to claims where the claimant limits the amount claimed to $50,000 or less." Williams v. Tilaye, 174 Wn.2d 57, 62, 272 P.3d 235 (2012); RCW 7.06.020(1). After the arbitrator files a decision, a party may request a trial de novo. RCW 7.06.050(1). Where no party files a request for a trial de novo, a judgment on the arbitration award must be entered

and "may be presented to the court by any party, on notice." RCW 7.06.050(2).[2] RCW 7.06.050 states, in pertinent part:

> (1) Following a hearing as prescribed by court rule, the arbitrator shall file his or her decision and award with the clerk of the superior court, together with proof of service thereof on the parties. Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. Such trial de novo shall thereupon be held, including a right to jury, if demanded.
>
> . . . .
>
> (2) If no appeal has been filed at the expiration of twenty days following filing of the arbitrator's decision and award, a judgment shall be entered and may be presented to the court by any party, on notice, which judgment when entered shall have the same force and effect as judgments in civil actions.[3]

Here, King filed a personal injury lawsuit against State Farm and McCarten alleging joint and several liability and that her damages could not be reasonably apportioned. King requested arbitration, expressly stating that "the sole relief being sought is a money judgment and involves no claim in excess of" $50,000. State Farm agreed to pay King $4,000 regardless of the outcome of arbitration.

The arbitrator concluded damages from the two collisions were "divisible." King entered into a settlement agreement with McCarten. State Farm paid King the previously agreed amount. No party filed a request for a trial de novo.

RCW 7.06.050(2) mandates entry of a judgment on the decision and award of the arbitrator. The plain language of the statute gives any party the right to present a judgment on the arbitration decision and award. State Farm had the right to seek entry of the judgment award under RCW 7.06.050(2). The court did not err in entering a final

---

[2] Emphasis added.

[3] Emphasis added.

judgment on the arbitration award or by specifically noting that the judgment against State Farm and McCarten had been "fully satisfied."

King also argues the court erred in denying McCarten's motion to dismiss. We disagree. "We review an order denying a motion to dismiss for manifest abuse of discretion." Thomas-Kerr v. Brown, 114 Wn. App. 554, 557, 59 P.3d 120 (2002). In Thomas-Kerr, 114 Wn. App. at 562-63, we held the court may not dismiss a case after an arbitration award has been entered.

> Once the arbitrator presents an award to the court, either party has 20 days to appeal the decision. If neither party appeals in the 20-day period, MAR 6.3 requires the court to enter a judgment. MAR 6.3 does not allow a plaintiff to nonsuit a case following a decision by the arbitrator.

Thomas-Kerr, 114 Wn. App. at 563.[4] The court did not err in denying McCarten's motion to dismiss.

We affirm entry of the Order Granting Defendant State Farm's Motion for Entry of Final Judgment and Judgment Summary and Satisfaction of Judgment.

WE CONCUR:

---

[4] Footnote omitted.

6