Johanson, J.
*610 ¶ 1 We are asked to determine whether the trial court erred when it denied Mark Ippolito's CR 41(a)(1)(B) motion for voluntary dismissal of his requested trial de novo following a mandatory arbitration. Ippolito sued Leah Henderson and then submitted the case to mandatory arbitration. Following the arbitrator's award, Ippolito requested a trial de novo in the superior court and then moved for a CR 41(a)(1)(B) voluntary dismissal. The trial court denied Ippolito's motion under Thomas-Kerr v. Brown ,[1] reasoning that Ippolito was foreclosed from obtaining a voluntary dismissal after arbitration. Ippolito appeals and argues that the trial court erroneously interpreted the law. We affirm the denial of Ippolito's CR 41(a)(1)(B) motion to voluntarily dismiss.
FACTS
¶ 2 In September 2014, Ippolito sued Henderson, alleging that Henderson had caused a vehicle collision in which Ippolito was injured. Ippolito submitted the case to mandatory arbitration. See Pierce County Local Mandatory Arbitration Rule 1.2. The arbitrator entered an arbitration award in August 2015.
¶ 3 After the arbitrator's decision, Ippolito timely requested a trial de novo. Before trial, Ippolito moved for voluntary dismissal under CR 41(a)(1)(B) and requested that the trial court exercise its discretion to dismiss the action without prejudice or costs.
¶ 4 Henderson opposed Ippolito's dismissal request on the basis that a 2002 Division One opinion, Thomas-Kerr , barred a plaintiff from obtaining a voluntary dismissal under CR 41(a) after the entry of an arbitrator's award. The trial court agreed with Henderson that Thomas-Kerr controlled, denied Ippolito's motion for voluntary dismissal, and noted that Ippolito could withdraw his request for trial de novo if he wished.
¶ 5 The matter proceeded to a bench trial, at which Ippolito presented neither witnesses nor documentary evidence. Henderson moved for a directed verdict. The trial court found that Ippolito had failed to prove negligence and granted Henderson's motion and entered judgment in her favor. The trial court also awarded Henderson her attorney fees and costs. Ippolito appeals the denial of his motion for voluntary dismissal.[2]
ANALYSIS
¶ 6 Ippolito argues that the trial court erred when it denied his CR 41(a)(1)(B) motion for voluntary dismissal because it misapplied the law when it relied upon Thomas-Kerr . We find no error.
I. LEGAL PRINCIPLES: CR 41 AND MANDATORY ARBITRATION RULES
¶ 7 Rulings on motions to dismiss under CR 41 are reviewed for a manifest abuse of discretion. Thomas-Kerr , 114 Wash. App. at 557, 59 P.3d 120.
¶ 8 The civil rules allow a plaintiff to have his case voluntarily dismissed. CR 41(a). CR 41(a)(1)(B) provides that "any action shall be dismissed by the court ... [u]pon motion of the plaintiff at any time before plaintiff rests at the conclusion of plaintiff's opening case." The dismissal is without prejudice unless the trial court states otherwise in the order of dismissal. CR 41(a)(4).
¶ 9 Interpretation of the Mandatory Arbitration Rules (MARs) is a matter of law that we review de novo. Thomas-Kerr , 114 Wash. App. at 557, 59 P.3d 120. Once a case is assigned to an arbitrator, the MARs apply, rather than the civil rules, unless a MAR states otherwise. MAR 1.3(b)(1). At "any *611 time prior to the filing of an award ," "[t]he arbitrator shall have the power to dismiss an action, under the same conditions and with the same effect as set forth in CR 41(a)." MAR 1.3(b)(4) (emphasis added). After an arbitrator's award, a plaintiff may no longer obtain a voluntary dismissal under CR 41(a). Thomas-Kerr , 114 Wash. App. at 562, 59 P.3d 120.
¶ 10 Within 20 days of an arbitrator's award or determination of costs, "[a]ny aggrieved party not having waived the right to appeal may request a trial de novo in the superior court." MAR 7.1(a). But if no party seeks a trial de novo within the 20-day period, the arbitrator's award becomes the final judgment and is not subject to appellate review or attack, except by a CR 60 motion to vacate. MAR 6.3. The primary purpose of mandatory arbitration rules is to promote the finality of disputes and to reduce court congestion and delays in hearing civil cases. Wiley v. Rehak , 143 Wash.2d 339, 347, 20 P.3d 404 (2001).
II. THOMAS-KERR V. BROWN
¶ 11 Thomas-Kerr addressed whether a plaintiff may obtain a voluntary dismissal under CR 41(a) following an arbitrator's award. See 114 Wash. App. at 562, 59 P.3d 120. There, the defendant, but not the plaintiff, requested a trial de novo following an arbitrator's award, and then the defendant withdrew his request. Thomas-Kerr , 114 Wash. App. at 556-57, 59 P.3d 120. The plaintiff requested, among other things,[3] that she be granted a voluntary nonsuit under CR 41(a). Thomas-Kerr , 114 Wash. App. at 557, 59 P.3d 120. The trial court denied the plaintiff's motion, and the plaintiff appealed. Thomas-Kerr , 114 Wash. App. at 557, 59 P.3d 120.
¶ 12 The appellate court affirmed, reasoning that MAR 1.3(b)(4) allowed a plaintiff to obtain a voluntary dismissal under CR 41(a) only until the arbitrator made an award. Thomas-Kerr , 114 Wash. App. at 562 & n.35, 59 P.3d 120. "[W]hile a case is assigned to an arbitrator, the plaintiff has the ability to withdraw under CR 41(a). However, once the arbitrator makes an award , the plaintiff no longer has the right to withdraw [under CR 41(a) ] without permission." Thomas-Kerr , 114 Wash. App. at 562, 59 P.3d 120 (emphasis added). Accordingly, the appellate court rejected the plaintiff's argument "that she should have been permitted to take a voluntary [dismissal] under CR 41(a)." Thomas-Kerr , 114 Wash. App. at 562, 59 P.3d 120.
III. THE TRIAL COURT PROPERLY DENIED IPPOLITO'S MOTION
¶ 13 When the trial court denied Ippolito's voluntary dismissal motion, it did so on the basis that Thomas-Kerr applied. We agree with the trial court that a plaintiff is not allowed to obtain a voluntary dismissal after an arbitrator's award.
¶ 14 Allowing Ippolito to obtain a voluntary dismissal under the circumstances would undermine the primary goals of mandatory arbitration and allow a plaintiff to circumvent an unfavorable arbitration award. Following the arbitrator's award, Ippolito had two options: allow the arbitrator's award to become the final judgment and move to vacate the judgment or attempt to obtain a more favorable outcome by requesting a trial de novo. See MAR 1.3(b)(4) ; MAR 7.1(a) ; MAR 6.3. Ippolito exercised the latter option and then sought a CR 41(a) voluntary dismissal without prejudice. Had the trial court granted Ippolito's request for voluntary dismissal, Ippolito could then have avoided the arbitrator's unfavorable award[4] and potentially restarted the entire process by filing a new lawsuit. This outcome would increase court congestion and delays in hearing civil cases, undermining the primary goals of the MARs. See Wiley , 143 Wash.2d at 347, 20 P.3d 404.
*612 The trial court's ruling promoted the purpose and plain language of the MARs.
¶ 15 Ippolito attempts to distinguish Thomas-Kerr on the basis that the holding applies only to plaintiffs who fail to request a trial de novo and not to plaintiffs such as Ippolito who request a trial de novo before moving for voluntary dismissal. Ippolito accurately recognizes that in Thomas-Kerr , the plaintiff did not request a trial de novo. Rather, the defendant requested a trial de novo and then withdrew that request. Thomas-Kerr , 114 Wash. App. at 556-57, 59 P.3d 120. But Ippolito's identified distinction is unpersuasive as a reason not to apply Thomas-Kerr 's holding. As the Thomas-Kerr court reasoned, relying on MAR 1.3(b)(4), it is the filing of the arbitrator's award that prevents a plaintiff from obtaining a voluntary dismissal. 114 Wash. App. at 562 & n.35, 59 P.3d 120. This rationale applies regardless of whether the plaintiff requested a trial de novo. Thus, Ippolito provides no principled basis to depart from Thomas-Kerr 's holding.[5]
¶ 16 Ippolito also argues that pre- Thomas-Kerr , Division One opinions Perkins Coie v. Williams , 84 Wash. App. 733, 929 P.2d 1215 (1997), and Nguyen v. Glendale Construction Co. , 56 Wash. App. 196, 782 P.2d 1110 (1989), and the Supreme Court's opinion in Wiley hold that a plaintiff may obtain a voluntary dismissal following an arbitrator's award in mandatory arbitration. But in Ippolito's cited cases, the appellate court was not asked to resolve the question presented in Thomas-Kerr -whether the MARs foreclose a plaintiff from obtaining a voluntary dismissal following an arbitrator's award. See Perkins Coie , 84 Wash. App. at 743-44, 929 P.2d 1215 ; Nguyen , 56 Wash. App. at 207, 782 P.2d 1110.
¶ 17 Ippolito also relies on Walji v. Candyco, Inc. , where the appellate court "agree[d]" with a party that the party had a right to voluntary dismissal without terms until it rested its case in the trial de novo. 57 Wash. App. 284, 287, 787 P.2d 946 (1990). But Walji stated without any analysis that a voluntary dismissal was available following mandatory arbitration because its holding focused upon whether the dismissal should be with or without terms. 57 Wash. App. at 287, 787 P.2d 946.
¶ 18 In Wiley , our Supreme Court held that a plaintiff was entitled to attorney fees after an aggrieved defendant brought an unsuccessful, untimely trial de novo request. 143 Wash.2d at 342, 348, 20 P.3d 404. In holding that bringing an unsuccessful trial de novo request constituted failure to improve the party's position, Wiley mentioned that "fees may be awarded following a summary judgment or voluntary dismissal , or when the appellant voluntarily withdraws the notice for a trial de novo." 143 Wash.2d at 348, 20 P.3d 404. But Wiley did not involve a voluntary dismissal and did not analyze whether the MARs allowed a voluntary dismissal following an arbitrator's award. Wiley 's brief reference to a voluntary dismissal is dicta and not a persuasive reason to depart from Thomas-Kerr 's holding.
¶ 19 The trial court properly denied Ippolito's motion for voluntary dismissal under CR 41(a)(1)(B) following the entry of an arbitrator's award. Accordingly, we hold that the trial court did not abuse its discretion and affirm the trial court's ruling.[6] See Thomas-Kerr , 114 Wash. App. at 562, 59 P.3d 120.
IV. ATTORNEY FEES ON APPEAL
¶ 20 Henderson requests "attorney fees and costs" on appeal under RAP 14.2. To obtain appellate attorney fees, a party must devote a section of her brief to the request and not merely make bald requests for attorney fees. RAP 18.1 ; Hudson v. Hapner , 170 Wash.2d 22, 33, 239 P.3d 579 (2010). Henderson provides no authority or argument to support her claim for attorney fees on appeal. Therefore, we decline to award attorney fees on appeal.[7]
¶ 21 We affirm.
I concur:
MELNICK, J.

114 Wash. App. 554, 59 P.3d 120 (2002).

Ippolito's notice of appeal lists the order denying his motion for voluntary dismissal and the judgment and written findings and conclusions following his bench trial. But Ippolito addresses only the denial of his motion for voluntary dismissal.

Thomas-Kerr also addressed the plaintiff's alternative argument that the defendant's withdrawal of his request for trial de novo deprived her of her right to a jury trial. 114 Wash. App. at 557, 59 P.3d 120. Division One disagreed with this argument, holding that the plaintiff's rights were not abridged because she chose not to appeal the arbitrator's decision by filing her own request for a trial de novo. Thomas-Kerr , 114 Wash. App. at 562, 59 P.3d 120.

Although the arbitrator's award is not part of our record, only an "aggrieved party" may request a trial de novo. See MAR 7.1(a).

We disagree with the concurrence that MAR 6.3 alone formed the basis for Thomas-Kerr 's decision.

Unlike the concurrence, we confine our analysis to the issues raised and briefed by the parties.

Henderson's request for costs should be directed to the commissioner or court clerk. RAP 14.2 ("A commissioner or clerk of the appellate court will award costs to the party that substantially prevails on review, unless the appellate court directs otherwise in its decision terminating review.").