Maxa, A.C.J. (concurring)
*613 ¶ 22 I agree that a plaintiff cannot obtain a voluntary dismissal of a lawsuit without prejudice under CR 41(a)(1)(B) after an arbitrator has made an award in mandatory arbitration. I write separately because I disagree that
Thomas-Kerr v. Brown , 114 Wash. App. 554, 59 P.3d 120 (2002), applies under the facts of this case.[8]
A. THOMAS-KERR RULING
¶ 23 In Thomas-Kerr , the defendant filed a request for trial de novo following an arbitration award. 114 Wash. App. at 556, 59 P.3d 120. The defendant then filed a notice withdrawing the trial de novo request, and the plaintiff requested a voluntary dismissal without prejudice under CR 41(a). Id. at 556-57, 59 P.3d 120. The appellate court rejected the plaintiff's argument that she was entitled to a voluntary dismissal after the defendant withdrew his request for trial de novo. Id. at 562, 59 P.3d 120.
¶ 24 The basis for the court's ruling was MAR 6.3. Id . at 562-63, 59 P.3d 120. The court stated, " MAR 6.3 does not allow a plaintiff to nonsuit a case following a decision by the arbitrator." Id. at 563, 59 P.3d 120 (emphasis added). MAR 6.3 deals with entry of judgment if neither party files a request for trial de novo. In Thomas-Kerr , the defendant initially filed a de novo request but then withdrew it. 114 Wash. App. at 556-57, 59 P.3d 120. Therefore, the court's holding must have been that once a request for trial de novo is withdrawn, the case must be treated as if nobody had filed a de novo request. In that event, the trial court must enter judgment on the arbitration award under MAR 6.3 and a voluntary nonsuit would not be available.
¶ 25 Relying on MAR 6.3 makes no sense here, where Ippolito filed a request for trial de novo and did not withdraw it. Because the ruling in Thomas-Kerr was based on MAR 6.3, it has no application in this case.
B. CR 41(a)(1)(B) ANALYSIS
¶ 26 Instead of relying on Thomas-Kerr , I would rely on the language of CR 41(a)(1)(B). That rule states that a plaintiff can obtain a voluntary nonsuit "at any time before plaintiff rests at the conclusion of plaintiff's opening case." CR 41(a)(1)(B). The question is what constitutes the "conclusion of plaintiff's opening case" when a case has been submitted to mandatory arbitration.
¶ 27 The Supreme Court considered a similar issue in Williams v. Tilaye , 174 Wash.2d 57, 272 P.3d 235 (2012). The court addressed RCW 4.84.250 -.280, which allow a party to recover attorney fees in actions involving $10,000 or less when the result at trial is better than that party's settlement offer. Williams , 174 Wash.2d at 61-62, 272 P.3d 235. To invoke the statutory provisions, the party must have made the settlement offer at least 10 days before "trial." RCW 4.84.280. The court stated that in mandatory arbitration, the arbitration hearing is treated as the original "trial" and the trial de novo is treated as an appeal. Williams , 174 Wash.2d at 68, 272 P.3d 235 ; see also Thomas-Kerr , 114 Wash. App. at 558, 59 P.3d 120 (stating that "[a] trial de novo following arbitration is treated as an appeal"). Therefore, the court in Williams held that the "trial" referenced in RCW 4.84.280 is the arbitration hearing, not the trial de novo. 174 Wash.2d at 68-69, 272 P.3d 235.
¶ 28 The same rule should apply for purposes of CR 41(a). Because a mandatory arbitration hearing is the "original trial" and the trial de novo is an appeal, the "conclusion of plaintiff's opening case" referenced in CR 41(a)(1)(B) necessarily refers to the plaintiff's presentation of evidence at the arbitration hearing . In other words, a plaintiff is entitled to mandatory voluntary dismissal in the arbitration context only before the conclusion of the plaintiff's opening case at the arbitration *614 hearing. Significantly, MAR 1.3(b)(4) authorizes an arbitrator to dismiss an action under the same conditions as set forth in CR 41(a) before an arbitration award is entered.
¶ 29 Applying this rule here, Ippolito did not file a motion for voluntary dismissal before the conclusion of his opening case in the arbitration hearing. Therefore, he was not entitled to voluntary dismissal under CR 41(a)(1)(B). As a result, the trial court properly denied Ippolito's motion, albeit for the wrong reason. Because we can affirm on any ground, I agree with the majority that we should affirm the trial court's ruling.

I recognize that Henderson does not make the argument I present below, and that we normally do not make arguments for the parties. However, we should address this argument because it is necessary to correctly state the law.