[No. 14697-9-III. Division Three. May 1, 1997.]

DONALD A. HERTZ, ET AL., *Petitioners,* v. HOWARD E. RIEBE, ET AL., *Respondents.*

*Dustin D. Deissner* and *W.R. Van Camp, P.C.*, for petitioners.

*Jonathan G.K. Lee* and *Lee & Michaud,* for respondents.

Sweeney, C.J. — A prevailing party is entitled to attorney fees if fees are authorized by contract, statute, or a recognized equitable ground. *Seattle-First Nat'l Bank v.*

*Siebol*, 64 Wn. App. 401, 409, 824 P.2d 1252, *review denied*, 119 Wn.2d 1010 (1992); RCW 4.84.330. Donald and Lee Hertz sued Howard and Norma Riebe to rescind an earnest money agreement. They prevailed. The Riebes sued the Hertzes for rent and other damages owed by the Hertzes as a result of their preclosing occupancy of two apartments. The Riebes prevailed. The question here is who, if either, is the prevailing party and therefore entitled to recover attorney fees at trial and on appeal. We hold that neither is and affirm the trial court's decision denying fees.

## FACTS

The Hertzes agreed to buy an apartment complex from the Riebes. They signed an earnest money agreement and gave the Riebes $1,000 earnest money. The earnest money agreement provided for attorney fees to the prevailing party in an action based on the agreement. The Hertzes occupied two of the apartments before closing.

After they discovered that the underlying mortgage balance, interest rate, and monthly payments had been misrepresented, the Hertzes refused to purchase the property. They demanded return of their earnest money. The Riebes refused. The Hertzes sued in small claims court for $1,525, which included their earnest money deposit, telephone installation costs, home inspection fee, and moving expenses. The Riebes sued the Hertzes in a separate small claims action for rent for their preclosing occupancy, for repairs, a ladder, and cleaning bills. The Riebes prevailed in both actions. The Hertzes appealed to superior court. The cases were consolidated. The Riebes offered to settle the matter by exchanging the earnest money of $1,000 for the rent awarded them in district court. The Hertzes rejected the offer.

The superior court found that the Hertzes had rightfully refused to close the sale, were entitled to a return of their earnest money, and that the Riebes were entitled to

$1,000 as reasonable rent. Because both parties prevailed on major issues, the court refused to award fees and costs. The Hertzes appeal contending that they were the prevailing party. The Riebes request attorney fees on appeal based on their settlement offer after the district court judgment, but before the trial de novo in superior court.

## DISCUSSION

 Prevailing Party. An award of attorney fees must be based on contract, statute or recognized ground in equity. *Siebol*, 64 Wn. App. at 409. In any action on a contract which allows attorney fees incurred to enforce the contract provisions, attorney fees should be awarded to the "prevailing party." RCW 4.84.330.

Here, the earnest money agreement provided for attorney fees. The Hertzes' first contention is that because the basis for their claim — the earnest money agreement — provided for attorney fees and the basis for the Riebes' counterclaim — unpaid rent and expenses — did not, they should be entitled to fees as the "prevailing party."

RCW 4.84.330 defines a prevailing party as "the party in whose favor final judgment is rendered." That, in turn, has been interpreted to mean the party who substantially prevailed. *Marine Enters., Inc. v. Security Pac. Trading Corp.*, 50 Wn. App. 768, 772, 750 P.2d 1290, *review denied*, 111 Wn.2d 1013 (1988). Accordingly, if both parties prevail on a major issue, neither is a prevailing party. *Wesche v. Martin*, 64 Wn. App. 1, 13, 822 P.2d 812 (1992); *Marine Enters.*, 50 Wn. App. at 773. The statute does not define the prevailing party as one who prevailed on a claim which authorized attorney fees. The statute focuses rather on the relief afforded to the parties for the entire suit whether or not the underlying claim provides for fees. *See generally Rowe v. Floyd*, 29 Wn. App. 532, 535 n.4, 629 P.2d 925 (1981). After consolidation, both the Hertzes' claim and the Riebes' claim were part and parcel of the same suit. CR 42(a). Both parties prevailed on their respective claims and thus neither is a "prevailing party."

The Hertzes next argue that the court should have apportioned attorney fees between the parties based on the claims on which each prevailed. They rely on *Marassi v. Lau*, 71 Wn. App. 912, 917, 859 P.2d 605 (1993). There, the court held that "when the alleged contract breaches at issue consist of several distinct and severable claims, a proportionality approach is more appropriate." *Id.* at 917.

█ *Marassi* is not applicable. There, the plaintiff was successful in only 2 of 12 contract claims. Each claim was distinct and severable. The court held that concluding the plaintiff had prevailed was unjust when the defendant successfully defended against the majority of claims. *Marassi*, 71 Wn. App. at 916-17. It concluded that the "substantially prevailing standard" was not adequate. Here, each party recovered on a substantial theory and therefore the proportionality approach adopted in *Marassi* does not apply.

Fees on Appeal. The Riebes request fees on appeal. They rely on an earlier case from this division, *Valley v. Hand*, 38 Wn. App. 170, 684 P.2d 1341, *review denied*, 103 Wn.2d 1006 (1984). There, the plaintiff made no offer of settlement but prevailed in small claims court and on appeals to superior court and the Court of Appeals. The court held that based on its reading of RCW 4.84.290 an offer of settlement was not required to recover attorney fees on appeal. *Valley*, 38 Wn. App. at 173. The statute reads:

> If the case is appealed, the prevailing party on appeal shall be considered the prevailing party for the purpose of applying the provisions of RCW 4.84.250: PROVIDED, That if, on appeal, a retrial is ordered, the court ordering the retrial shall designate the prevailing party, if any, for the purpose of applying the provisions of RCW 4.84.250.
>
> In addition, if the prevailing party on appeal would be entitled to attorneys' fees under the provisions of RCW 4.84.250, the court deciding the appeal shall allow to the prevailing party such additional amount as the court shall adjudge reasonable as attorneys' fees for the appeal.

RCW 4.84.290.

■ Reading the provisions of RCW 4.84.290 in the broader context of the statutory scheme, RCW 4.84, we now believe our conclusion in *Valley* was in error. RCW 4.84.290 provides that a party may recover fees on appeal "if the prevailing party . . . would be entitled to attorneys' fees under the provisions of RCW 4.84.250 . . . ." The appellate court is authorized to award "such *additional* amount as the court shall adjudge reasonable as attorneys' fees for the appeal." RCW 4.84.290 (emphasis added). RCW 4.84.250 allows fees to "the prevailing party as hereinafter defined." The next two statutes, RCW 4.84.260 and .270, set out the requirements for a prevailing party for a plaintiff and a defendant. Both require offers of settlement unless the plaintiff recovers nothing. The required offer of settlement must be served at least 10 days before trial. RCW 4.84.280.

Here, the Hertzes recovered their earnest money. To recover attorney fees, the Riebes must have made an offer of settlement for greater than the amount of the Hertzes' recovery 10 days before the district court trial. They did not. The Riebes are not a prevailing party and therefore not entitled to attorney fees under RCW 4.84.250.

The decision of the trial court is affirmed. Neither party is entitled to fees on appeal.

KURTZ and BROWN, JJ., concur.