IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| WEST ONE AUTOMOTIVE GROUP, INC. d/b/a HERTZ CAR SALES, | ) ) ) | No. 32222-0-III |
| Respondent and Cross-Appellant, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| SAMUEL C. ALVAREZ AND ROBERTA A. ALVAREZ, husband and wife and the marital community comprised thereof, | ) ) ) ) | |
| Appellants. | ) ) | |

BROWN, A.C.J. – Samuel and Roberta Alvarez appeal the trial court's post jury trial ruling that they did not substantially prevail for fee shifting purposes in their defense against a breach of contract action brought by West One Automotive Group, Inc. d/b/a Hertz Car Sales (West One). The Alvarezes contend they should be considered the prevailing party even though their separate Consumer Protection Act (CPA) counterclaim was unsuccessful. West One cross appeals, contending the court erred in ruling it failed to mitigate damages, and asserts it should have been considered the prevailing party. We hold the trial court did not err in its rulings, and affirm.

FACTS

Mr. and Mrs. Alvarez traded in their 2003 GMC Avalanche on a 2006 Cadillac SRX at West One's Yakima Hertz dealership. A West One employee inspected the Avalanche and found it to be in good condition, but the employee failed to notice a doorpost sticker showing the Avalanche had a "branded" title, meaning the vehicle had been wrecked, declared a total loss, and rebuilt. West One has a policy against selling cars with branded titles. Following negotiations, the parties agreed to a $14,000 trade-in value for the Avalanche and a $26,488 sale price for the SRX.[1]

Allegedly unaware the Avalanche had been totaled or that it had a branded title, the Alvarezes signed a seller's disclosure warranting that the Avalanche's title was not branded. The disclosure further provided West One was entitled to rescind the sale and recover damages, "including ATTORNEY FEES AND COSTS" for any breach of the agreement. Clerk's Papers (CP) at 83. The Alvarezes signed their interest in the Avalanche over to West One and took out a loan for the balance on the SRX. West One paid the Alvarezes' credit union $9,380 left on the loan for the Avalanche. According to West One, it first learned of the problem when the credit union sent the branded title. West One contacted the Alvarezes to rescind the trade-in transaction. The Alvarezes offered to unwind the sale and pay West One $9,380. West One felt a simple unwind would not compensate it for its anticipated lost profits on the sale of the Avalanche or for the Alvarezes' use of the SRX, so it sued for breach of warranty and

---

[1] The Alvarezes allege the original trade in value was $17,500 but it was changed at the last minute.

breach of contract. The Alvarezes responded by alleging West One failed to mitigate its damages by rescinding the sale and alleging it unlawfully attempted to renegotiate the trade-in credit under Washington's CPA, chapter 19.86 RCW.

Both parties unsuccessfully requested summary judgment. At a jury trial, the parties stipulated if the jury found for West One on the contract claim, the court would rule on the Alvarezes' failure to mitigate defense. The jury found the Alvarezes liable for $3,800 in damages on West One's contract claim and rejected their CPA claim. The court denied the Alvarezes' CR 50(b) motion for judgment as a matter of law. The court found the facts sufficient to reject the Alvarezes' CPA, but ruled for the Alvarezes on their affirmative defense, reasoning West One could have mitigated its damages by rescinding the sale as the contract allowed. The court found West One's damages would have been $863.58 had it agreed to rescind the sale, and it ruled West One's inequitable conduct precluded that recovery.

Later, the court determined in a letter opinion that neither party had prevailed for purposes of awarding attorney fees. Both parties appealed.[2]

## ANALYSIS

### A. Summary Judgment

The issue is whether the trial court erred by concluding material facts remained in dispute when denying the Alvarezes' summary judgment motion.

---

[2] The Alvarezes requested direct review from the Supreme Court, which it denied and transferred the matter to this court.

3

Preliminarily, West One argues the Alvarezes did not appeal the summary judgment denial. Generally, our review is limited to "the decision or parts of the decision" the appellant designates in the notice of appeal. RAP 2.4(a) and no RAP 2.4(b) or (c) exceptions are presented. Thus, the order denying summary judgment is not properly before us. Moreover, "[w]hen a trial court denies summary judgment due to factual disputes . . . and a trial is subsequently held on the issue, the losing party must appeal from the sufficiency of the evidence presented at trial, not from the denial of summary judgment." *Adcox v. Children's Orthopedic Hosp. & Med. Ctr.*, 123 Wn.2d 15, 35 n.9, 864 P.2d 921 (1993). We do not have the record of the summary judgment proceedings, but the court's CR 50 ruling discloses its view that genuine fact issues remained for trial regarding the branded title disclosure. Generally, the record of the contested facts presented to the jury is in accord. Given this record, we conclude the Alvarezes may not appeal the denial of their summary judgment motion.

B. CR 50(b) Motion Denial

The issue is whether the trial court erred in denying the Alvarezes' post-trial CR 50(b) motion for judgment as a matter of law. They contend West One did not meet its burden of proof to submit the matter to the jury.

We review a CR 50(b) motion for judgment as a matter of law using the same standard as the trial court. *Sing v. John L. Scott, Inc.*, 134 Wn.2d 24, 29, 948 P.2d 816 (1997). A CR 50(b) motion admits the truth of the opponent's evidence and all inferences that can reasonably be drawn from it. *Queen City Farms, Inc. v. Cent. Nat'l*

4

*Ins. Co.*, 126 Wn.2d 50, 98, 882 P.2d 703 (1994). "Granting a motion for judgment as a matter of law is appropriate when, viewing the evidence most favorable to the nonmoving party, the court can say, as a matter of law, there is no substantial evidence or reasonable inference to sustain a verdict for the nonmoving party." *Sing*, 134 Wn.2d at 29. If any justifiable evidence exists on which reasonable minds might reach conclusions consistent with the verdict, the issue is for the jury. *Queen City Farms*, 126 Wn.2d at 98.

First, we discuss whether substantial evidence exists to support West One's breach of warranty claim. Second, we discuss whether substantial evidence shows West One did not violate RCW 46.70.180(4) and/or the CPA.

First, a breach of warranty claim requires a warranty and a breach. *See DePhillips v. Zolt Constr. Co., Inc.*, 136 Wn.2d 26, 36, 959 P.2d 1104 (1998) (breach of contract claim requires "a contract and a breach thereof"). "A warranty is a promise that a proposition of fact is true." *Okkerse v. Westgate Mobile Homes, Inc.*, 18 Wn. App. 45, 47 n.1, 566 P.2d 944 (1977). A person selling goods creates an express warranty with, "[a]ny affirmation of fact or promise made by the seller to the buyer [that] relates to the goods and becomes part of the basis of the bargain . . . that the goods shall conform to the affirmation or promise." RCW 62A.2-313(a).

Here, the Alvarezes are the sellers of trade-in Avalanche. They signed a contract, warranting, "the certificate of title for trade vehicle . . . does not indicate that the vehicle is "REBUILT, SALAVAGE, LEMON, OR INSURANCE TOTAL LOSS." CP at

5

7. The title states under the section "Brands" that the vehicle was "SLVG DMGD." CP at 41. The title registration shows the vehicle has been salvaged and/or damaged. Given these facts, substantial evidence exists for the jury to find a warranty and a breach of that warranty. The trial court did not err in denying the Alvarezes' request under CR 50(b) for judgment as a matter of law.

Second, the Alvarezes argue West One's attempt to change the trade-in conditions after learning of the branded title violated the Auto Dealer Practice Act (ADPA), chapter 46.70 RCW, and CPA. Under RCW 46.70.180(4)(b), it is unlawful for a motor vehicle dealer "to renegotiate a dollar amount specified as a trade-in allowance on a vehicle delivered or to be delivered by the buyer or lessee as part of the purchase price or lease." But an exception exists if the individual trading in the vehicle fails "to disclose that the vehicle's certificate of [ownership] has been branded for any reason, including, but not limited to, status as a rebuilt vehicle." RCW 46.70.180(4)(b)(i). Violation of this provision of the ADPA triggers potential liability under the CPA.

To prevail in a private action brought under the CPA, the plaintiff must establish (1) the defendant has engaged in an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4) the plaintiff has suffered injury in her or his business or property, and (5) a causal link exists between the unfair or deceptive act and the injury suffered. *Leingang v. Pierce County Med. Bureau, Inc.*, 131 Wn.2d 133, 149, 930 P.2d 288 (1997). Whether a particular action gives rise to a CPA violation is reviewed by us as a question of law. *Id.* at 150.

6

Here, West One did not violate the ADPA or the CPA. Instead of renegotiating the dollar amount specified in the trade-in allowance, West One sought to rescind the trade-in transaction when it learned that the Avalanche had a branded title. Even assuming West One's request to rescind the trade-in transaction did constitute a renegotiation of the trade-in allowance, West One was compelled to do so because the Alvarezes breached their express warranty by not disclosing the branded status of the Avalanche. Thus, West One still did not run afoul of RCW 46.70.180(4)(b) because a dealer may renegotiate a trade-in allowance when a seller fails to disclose that the vehicle's title is branded. See RCW 46.70.180(4)(b)(i).

In sum, the Alvarezes' arguments attempting to disclaim responsibility for their breach of the express warranty are unpersuasive. Thus, we conclude substantial evidence supports the jury's finding that West One did not violate RCW 46.70.180(4)(b). Even assuming West One did attempt to renegotiate the trade-in allowance, it did not violate Washington law because the renegotiation of the trade-in allowance was caused by Mr. and Mrs. Alvarez's failure to disclose the Avalanche's branded title and affirmative statement that the title was not branded. The jury could find West One's conduct relating to the Avalanche did not afoul of RCW 46.70.180(4)(b) or the CPA.

## C. Attorney Fee Denial

The issue is whether under RCW 4.84.339 the trial court erred in denying the Alvarezes' request for attorney fees as the prevailing party.

7

The applicability of RCW 4.84.330 is a question of law. *Quality Food Ctrs. v. Mary Jewell T, L.L.C.*, 134 Wn. App. 814, 817, 142 P.3d 206 (2006). We review questions of law de novo. *Mohr v. Grant*, 153 Wn.2d 812, 823, 108 P.3d 768 (2005).

RCW 4.84.330 provides, "In any action on a contract . . . where such contract . . . specifically provides that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys' fees." RCW 4.84.330 further clarifies, "As used in this section 'prevailing party' means the party in whose favor final judgment is rendered." The statute does not define the prevailing party as the one that prevailed on the claim which authorized the fees, but instead focuses on the relief afforded to the parties for the entire suit whether or not the underlying claim provides for fees. *Hertz v. Riebe*, 86 Wn. App. 102, 105, 936 P.2d 24 (1997).

The trial court relied on *Hertz*, a Division Three case where both parties successfully defended the other's lawsuit. The court held neither party prevailed for purposes of awarding attorney fees. In *Hertz*, a couple entered into contract to buy an apartment building. The couple paid a $1,000 deposit and moved into the building. But when they discovered the seller had misrepresented financial information, they sued to get their deposit back and $525 for moving and inspection expenses. The seller countersued for accrued rent. The trial court ruled for each party on their respective claims, finding the seller was entitled to $1,000 for rent but the buyers were entitled to

8

the return of their earnest money and expenses. The couple requested attorney fees under the contract, arguing the court should have apportioned attorney fees between the parties based on the claims on which each prevailed. This court held since each party prevailed on a substantial theory, apportionment was not appropriate. *Id.* at 106.

Like the couple in *Hertz,* the Alvarezes argue the trial court should have apportioned the attorney fees between the parties based on the fees incurred defending the respective claims. The Alvarezes assert the CPA claim was merely a minor part of the lawsuit, and many more billable hours were spent on the contract breach claim. They allege the fees should have been apportioned between the claims, so that West One's award for fees incurred defending the CPA claim should partially offset the Alvarezes' fee award for defending the contract action. But the court in *Hertz* held such apportionment is not proper where both parties prevail on major issues.

The Alvarezes correctly note Division One of this court has disagreed with *Hertz* on this issue. The court in *Hertz* noted that Division One had earlier held apportionment of fees is appropriate in cases involving multiple distinct and severable claims. *Marassi v. Lau,* 71 Wn. App. 912, 917, 859 P.2d 605 (1993). But, the *Hertz* court distinguished *Marassi* on the basis that the plaintiff there was only successful on 2 of 12 distinct and severable claims, apparently reasoning that the proportionality analysis would only apply in cases involving a large number of distinct claims on which one party prevails in a disproportionate number.

9

Division One has disagreed with *Hertz* in at least two cases that did not involve numerous claims. *Int'l Raceway, Inc. v. JDFJ Corp.*, 97 Wn. App. 1, 8, 970 P.2d 343 (1999) (expressly disagreeing with *Hertz's* attempt to distinguish *Marassi*; holding proportionality proper where one party prevailed on a claim constituting two-thirds of lawsuit and other party prevailed on remaining claim); *Transpac Dev. Inc. v. Oh*, 132 Wn. App. 212, 219-20, 130 P.3d 892 (2006) (noting *International Raceway's* criticism of *Hertz*, holding defendant's fees incurred successfully defending claim for unpaid rent should offset plaintiff's fees in defending counterclaim for remodeling expenses).

Here, *Hertz* seems most applicable. As noted by the *Hertz* court, RCW 4.84.330 focuses on the relief afforded to the parties for the entire suit whether or not the underlying claim provides for fees. After consolidation, both parties' claims were part and parcel of the same suit. Both parties prevailed on their respective claims and thus neither was a "'prevailing party.'" *Hertz*, 86 Wn. App. at 105. In addition, the *Hertz* court concluded that the proportionality approach in *Marassi* was not applicable because "each party recovered on a substantial theory." *Id.* at 106. Similarly, here, each party recovered on a substantial theory. Thus, like the trial court, we rely on *Hertz* and finds no error in denying the Alvarezes attorney fee request.

## D. Mitigation Ruling

The cross appeal issue is whether the trial court erred in striking the $3,800 for breach of warranty based on its finding West One failed to mitigate its damages.

10

The power of equity has been construed "'as broad as equity and justice require.'" *Agronic Corp. of Am. v. deBough*, 21 Wn. App. 459, 463-64, 585 P.2d 821 (1978) (quoting 27 Am. Jur. 2d *Equity* § 103 (1966)). A judge may reduce a damages award in equity under the doctrine of avoidable consequences, also known as mitigation of damages. This doctrine "prevents recovery for damages the injured party could have avoided through reasonable efforts." *Cobb v. Snohomish County*, 86 Wn. App. 223, 230, 935 P.2d 1384 (1997). The standard of review for a judge's exercise of equitable authority is abuse of discretion. *Rabey v. Dep't of Labor & Indus.*, 101 Wn. App. 390, 397, 3 P.3d 217 (2000). Thus, we review the record to determine if the trial judge's grant of equitable relief is based upon tenable grounds or tenable reasons. *Pederson's Fryer Farms, Inc. v. Transamerica Ins. Co.*, 83 Wn. App. 432, 454, 922 P.2d 126 (1996).

In unchallenged finding of fact 11, a verity on appeal (*Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 808, 828 P.2d 549 (1992)), the court found:

> Although the contractual remedy specified rescission and damages, [West One] did not agree to rescission until its letter of August 21, 2008—four months after the sale. By that time, [West One] also was insisting upon 'compensation for Mr. Alvarez' use of the vehicle he purchased, [unspecified] lost profits, attorney's fees, and . . . [the $9,380].' During all relevant times, Alvarez was willing and able to rescind (exchange the SRX for the Avalanche) and pay [West One] $9,380.

CP at 839. The court further found the Alvarezes' "contract invokes the remedy of rescission. [West One] requested this remedy in its complaint, but elected not to pursue it the morning of trial." CP at 841.

11

The above findings in conjunction with the other evidence in our record show West One could have substantially avoided its damages by resolving the dispute consistent with its contractual remedy of rescission - the remedy offered by the Alvarezes the day West One brought the problem to their attention. West One argues it would not have been fully compensated for its damages had it accepted rescission because Alvarez had put miles on the SRX between the time of sale and the time the branded title was discovered, and West One would have lost its gross profit of $719.26 on the SRX sale.

While West One's argument is understandable, the amount of damages is minimal—roughly $800. Indeed, it is possible West One could have rescinded and sold the SRX for a higher profit; thus suffering no damages. Nevertheless, the roughly $800 is the amount of damages that West One would have incurred had it reasonably mitigated its damages by rescinding the purchase on June 4, 2008. Here, however, West One's actions caused it continued damages. The trial court found West One's actions amounted to "ineptness." CP at 518. Given all, tenable grounds exist to support the court striking the jury's damages award based on West One's failure to mitigate damages.

### E. Attorney Fees on Appeal

Relying on RCW 4.84.330, the Alvarezes request attorney fees on appeal as the prevailing party. The Alvarezes did not prevail on their direct appeal issues, but did prevail in resisting West One's cross appeal. Based on the discussion above regarding

12

No. 32222-0-III
*West One Auto Grp. v. Alvarez*

their request for attorney fees below, the Alvarezes are not the substantially prevailing

party. Thus, their request for attorney fees on appeal is denied.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Brown, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Korsmo, J.

13