# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SOUNDBUILT NORTHWEST, LLC, a Washington limited liability company, | No. 72837-7-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| THOMAS PRICE and PATRICIA PRICE, husband and wife, individually And their marital community composed thereof; and HYUN UM and JIN S. UM, husband and wife, individually and their marital community composed thereof, d/b/a P&U CAPITAL PARTNERS, LLC a non-existent Washington limited liability company, | |
| Appellants. | FILED: May 26, 2015 |

TRICKEY, J. — Where an appellate court has already determined that a party is the prevailing party in a prior appeal, that party remains a prevailing party on remand to the trial court for an award of attorney fees as provided for in a contract. Here, the trial court erred in not awarding attorney fees to the defendants who succeeded in getting the action dismissed on appeal based on the doctrine of res judicata.

The trial court further erred in limiting appellate fees awarded to those incurred prior to the defendants' filing bankruptcy.

## FACTS

A six day bench trial in March 2010 resulted in a judgment in favor of Soundbuilt Northwest, LLC against Thomas and Patricia Price, Huynh Um and Jin S. Um, d/b/a P&U Capital Partners, LLC (collectively, Price). That judgment awarded Soundbuilt $5,990,916.08, including attorney fees ($91,120.50) and

costs ($2,281.78) under the real estate purchase and sale agreement (REPSA).

Price appealed the judgment. While the matter was on appeal, Price filed

bankruptcy.

On October 18, 2011, Division Two of the Court of Appeals, in an

unpublished opinion, held that the doctrine of res judicata barred Soundbuilt's

action and reversed the trial court's judgment in favor of Soundbuilt, remanding the

case to the trial court for "a final order of dismissal." Soundbuilt Nw., LLC v. Price,

noted at 164 Wn. App. 1019, 2011 WL 4929137, at *5, review denied, 174 Wn.2d

1007, 278 P.3d 1112 (2012).

Additionally, Division Two awarded attorney fees to Price as the prevailing

party and remanded to the trial court to establish the amount. In its decision

Division Two stated:

> The REPSA attorney fees provision, however, provides that the
> prevailing party in "any other action arising out of this Agreement or
> the transactions contemplated hereby . . . shall be entitled to an
> award of reasonable attorneys fees and court costs incurred in such
> action or proceeding . . . regardless of whether such action proceeds
> to final judgment." Accordingly, we grant Price and Um reasonable
> attorney fees and costs on appeal pursuant to the REPSA and RAP
> 18.1. Except for those costs the commissioner of this court will
> determine pursuant to RAP 14.3 and 14.6, the trial court should
> determine the reasonable amount of the award on remand. RAP
> 18.1(i).

Price, 2011 WL 4929137, at *5 (citation omitted). The Supreme Court denied

Soundbuilt's petition for review of Division Two's decision. Soundbuilt Nw., LLC v.

Price, 174 Wn.2d 1007, 278 P.3d 1112 (2012).

Price moved to vacate the judgment and requested attorney fees and costs.

The trial court entered an order vacating the judgment and dismissing the case

with prejudice, but reserved for future determination, Price's requests for an award of attorney fees and costs.

Price submitted affidavits requesting attorney fees of $109,418.75 for the trial, plus 3.0 hours for preparation and hearing of the motion in the amount of $930.00, $83,118.00 for fees on appeal, and $4,908.73 for costs and expenses at trial court level.

On January 17, 2014, the trial court granted Price's motion for fees but only for those fees incurred on appeal. The trial court specifically found that the attorney fees incurred at the appellate court were reasonable, but limited recovery to $51,283.50, the amount incurred prior to Price's filing bankruptcy.

Because Division Two's opinion did not specifically refer to Price's ability to recover attorney fees for the trial, the trial court found it was without authority to do so. The trial court did, however, award the costs incurred at trial.

Price appealed. On February 12, 2014, the bankruptcy court entered an Amended Ex Parte Order Granting Trustee Authority to Employ Special Counsel Nunc Pro Tunc. The order permitted appellate counsel to represent Price and authorized the trial court to award attorney fees and costs regardless of when they occurred. Division Two's commissioner, over Soundbuilt's objection that it was unfair, permitted Price to supplement the record with the bankruptcy order, reasoning that both the order's nunc pro tunc status and the trial court's January 2014 order left open the option for Price to obtain an order at a future date.

Price appeals the limitation of his attorney fees.

3

ANALYSIS

Appellate Fees

In its order limiting the fees to those incurred before the bankruptcy filing, the trial court stated that such fees "will not be awarded by this court absent an order by the bankruptcy court affirming the employment of Salvador Mungia and the law firm of Gordon Thomas Honeywell."[1]

Before the trial court's ruling, the bankruptcy court had already ratified trustee Eric Orse's management authority to collect the attorney fee award rendered in the current suit. The trial court failed to recognize this order. After the trial court's decision, the bankruptcy court entered a formal order, issuing its order nunc pro tunc. Because the trial court specifically found the fees requested for the first appeal to be reasonable, Price is entitled to the entire amount of $83,118.00.

Attorney Fees at Trial

RCW 4.84.330 provides for an award of attorney fees where provided for in a contract. Here, Division Two has already determined that the REPSA provided for such an award.

Whether a party is a "prevailing party" is a mixed question of law and fact that is reviewed under an error of law standard. Eagle Point Condo. Owners Ass'n v. Coy, 102 Wn. App. 697, 706, 9 P.3d 898 (2000). "[T]he determination of who is a prevailing party depends upon who is the substantially prevailing party, and this question depends upon the extent of the relief afforded the parties." Riss v. Angel, 131 Wn.2d 612, 633, 934 P.2d 669 (1997).

---

[1] Clerk's Papers (CP) at 1384.

Soundbuilt argues that there has been no determination of who the prevailing party is. We disagree. Division Two has already held that Price is the prevailing party entitled to attorney fees under the REPSA and remanded to the trial court to determine the amount. Such remand necessarily included an award of attorney fees at the trial level. The trial court's finding that it was without authority to award such fees on remand was error.

Soundbuilt's citation to Hertz v. Riebe, 86 Wn. App. 102, 936 P.2d 24 (1997), is not helpful. There, the plaintiffs sued to recover earnest money tendered in connection with a failed real estate purchase. The defendants counter-claimed for rent owed during the plaintiffs' occupancy of the property. The court found a breach of the REPSA, but at the same time ruled in favor of the defendants on their counter-claim for rent. Because those claims were of equal magnitude there was no clear winner.

Nor is Soundbuilt's citation to Transpac Development, Inc. v. Oh, 132 Wn. App. 212, 130 P.2d 892 (2006), of any assistance. In Transpac, the trial court refused to award attorney fees to the defendant tenant under the terms of a lease agreement and RCW 4.84.330. The court reasoned that neither party was the prevailing party because, although the landlord did not prevail on any of its claims, the tenant also did not prevail on any of his counterclaims. We remanded, holding that where distinct and severable contract claims are involved, the court cannot refuse to award attorney fees to a prevailing party without a detailed consideration of what actually happened in the litigation. Transpac, 132 Wn. App. at 219.

Such a proportionality approach is only awarded where "several distinct and severable claims" are at issue. Marassi v. Lau, 71 Wn. App. 912, 917, 859 P.2d 605 (1993), abrogated on other grounds by Wachovia SBA Lending, Inc. v. Kraft, 165 Wn.2d 481, 200 P.3d 683 (2009).

In this case, there were no affirmative claims, only affirmative defenses. Here, Price is the clear winner having won dismissal of all Soundbuilt's claims. Moreover, Division Two of this court has already determined Price to be the prevailing party. That is the law of this case.[2]

In view of the fact that Soundbuilt was awarded over $91,000.00 in attorney fees after the bench trial in which it mistakenly prevailed, Price's request for $109,418.75 appears to be reasonable. Soundbuilt does not attack the reasonableness of those fees, but only argues that the trial court has discretion to reduce the fees. This argument is incorrectly based on Soundbuilt's theory that it somehow prevailed at the trial against Price's defenses to its action and it is only the trial court that can determine who prevails.

Nor is there any substance to Soundbuilt's claim that Price lost in its argument to reform the contract to prevent individual liability. Had Soundbuilt not improperly proceeded with this claim, Price would never had had to assert any defenses with regard to such liability. Soundbuilt's position is untenable in view of Division Two's determination that Price was the prevailing party.

---

[2] Under the law of the case doctrine, an appellate court will generally refuse to consider issues that were decided in a prior appeal. See Folsom v. County of Spokane, 111 Wn.2d 256, 263-64, 759 P.2d 1196 (1988).

However, the record does not indicate that the trial court considered the reasonableness of the fee request for the trial and Price requests this court to remand for a determination that the attorney fees requested are reasonable.

Additionally, Price requests attorney fees for this second appeal. Because "[a] contractual provision for an award of attorney fees at trial supports an award of attorney fees on appeal," Price is entitled to attorney fees for this appeal as the prevailing party.[3]

Accordingly, we affirm the trial court's finding that Price's request for the attorney fees for the first appeal was reasonable and award the entire amount of fees requested ($83,118.00) for the first appeal. We reverse the trial court's denial of fees for the trial and remand for its determination whether the fees requested are reasonable. Because we are remanding for a determination of reasonable fees at the trial, we also remand to the trial court for a determination of the amount of fees that should be awarded for Price's successful second appeal in this matter.

Affirmed in part, reversed in part, and remanded for further proceedings.

Trickey, J.

WE CONCUR:

Spearman, C.J.

---

[3] Reeves v. McClain, 56 Wn. App. 301, 311, 783 P.2d 606 (1989).