# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| TED SPICE, | No.  44101-2-II |
| Appellant, | |
| v. | |
| DONNA E. DUBOIS, as personal representative for the Estate of DORIS E. MATHEWS, deceased, | |
| Respondents. | UNPUBLISHED OPINION |

WORSWICK, J. — Ted Spice appeals the trial court's denials of his requests for attorney

fees, judgment notwithstanding the verdict, and a new trial.  After a jury trial regarding a breach

of contract claim and numerous counterclaims, the jury returned a verdict that distributed several

parcels of real property between Spice and the estate of Doris Mathews.  Spice argues that the

trial court erred by (1) designating the estate as the prevailing party, and therefore finding that

Spice was not entitled to attorney fees under two contracts between Spice and Mathews, and (2)

not granting Spice's motion for judgment as a matter of law or a new trial.  We hold that neither

party was the prevailing party and that Spice did not preserve his other issues for appeal.

Consequently, we affirm the trial court's orders.

FACTS

Ted Spice met Doris Mathews in 2003 when he became her tenant. Mathews owned several rental properties, which had fallen into disrepair. Spice began to help Mathews maintain and manage the properties.

In January 2004, Mathews issued a promissory note to Spice agreeing to pay half of "all equity or monies realized in any amounts ranging from $5,000 up to $8,000,000 from property sales, investments, developments, refinancing proceeds or any type of business projects whatsoever relating to any properties purchased, bonds relating to" several of Mathews's properties,[1] "including all property or investments, property purchases or any other business project coordinated by the grantor now or transacted in the future." Ex. 4. As collateral, the promissory note identified "all future investments and properties purchase [sic], deeds, deeds of trust, contract, mortgages, developments, current investments, projects including interest monies or deeds held in" the same properties. Ex. 4. The promissory note contained an attorney fee provision, which entitled Spice to reasonable attorney fees in the event he sued to collect on the note.

In February 2004, Spice obtained a durable power of attorney over Mathews. In April 2004, Spice and Mathews together formed a real estate development company called Plexus Investments, LLC (Plexus). Spice held a 51 percent interest in Plexus, and Mathews held a 49 percent interest. Mathews and Spice signed a Plexus Operating Agreement governing the company. This operating agreement also included an attorney fee provision for reasonable

---

[1] The properties were 11003 58th St. Ct. E., 11010 58th St. Ct. E., 5818 Milwaukee Ave. E., and 10915-10917 58th St. Ct. E.

attorney fees to the substantially prevailing party in any dispute "arising out of the terms of this Agreement or the Members' relationship or a suit or action permitted herein." Ex. 6 at 19.

Both Spice and Mathews actively participated in Plexus. But Spice did not keep a detailed accounting for Plexus beyond using bank statements and taxes, and sometimes he and Mathews withdrew money from Plexus accounts at casinos. Both Spice and Mathews used Plexus money for personal expenditures. The casino withdrawals alone totaled over $400,000, and additional unidentified withdrawals from Plexus accounts totaled several hundred thousand dollars.

Several property transfers are at issue in this case.

- Between 2007 and 2009, Mathews granted Spice quitclaim deeds to 11003 58th St. Ct. E and 11319 58th St. Ct. E.
- In 2004, Spice granted Plexus a quitclaim deed to a property in Napavine.
- Between 2007 and 2008, Mathews granted Plexus a quitclaim deed to 5818 Milwaukee Ave. E. and 11305 58th St. Ct. E.
- In 2008, Mathews granted herself, Spice, and Paul Pasyuk a quitclaim deed to 11305 58th St. Ct. E.
- In 2009,[2] Plexus granted Spice quitclaim deeds to 5818 Milwaukee Ave. E., 10915-10917 59th St. Ct. E, and a parcel in Kitsap County.

In addition, the ownership of 11010 58th St. Ct. E. was at issue: it was listed in the promissory note, but it appears that Mathews never conveyed it to Plexus or Spice.

In December 2009, Mathews died. Spice filed a creditor's claim against her estate alleging that he was owed $8,000,000 under the promissory note. Mathews's estate rejected this claim in full. Spice then filed suit against the estate alleging breach of contract. Spice later amended his complaint to allege conversion, tortious interference, breach of fiduciary duty, and

---

[2] These transfers occurred after Mathews's death.

3

frivolous litigation. Spice's suit relied only on the promissory note, not on the Plexus Operating Agreement, to establish breach of contract.

The estate filed 25 counterclaims, including fraud, undue influence, breach of fiduciary duties, wrongful death, and other claims regarding Spice's relationship with Mathews. One of these counterclaims was a quiet title action concerning the properties discussed above. The trial court dismissed the counterclaim for wrongful death on summary judgment, but the remaining 24 counterclaims proceeded to trial.

Spice moved in limine to exclude certain character evidence including "who parks at [Spice's] home" and "who stays at [Spice's] home." Clerk's Papers (CP) at 683-84. The trial court granted this motion.

The case proceeded to a jury trial, during which witnesses testified about Spice's and Mathews's relationship and business dealings. At trial, the estate's counsel asked a witness about who visited Spice at his home, and the witness responded: "Boys. Lots and lots of young boys." 4 Verbatim Report of Proceedings (VRP) at 435. The trial court sustained Spice's objection, and at a sidebar conference, the trial court contemplated whether a mistrial was appropriate. The court found that the witness's "tone and inflection" raised an "obvious inference as to Mr. Spice's sexual orientation and actual misconduct on the part of Mr. Spice." 4 VRP at 439. The court also found that the witness anticipated the question and that it was asked in such a way so as to evade the order in limine regarding character evidence. The court said that either a mistrial or individual questioning of jurors would be an appropriate remedy. Spice refused the offer to declare a mistrial. Instead, the trial court questioned each juror individually about whether he or she noticed the innuendo in the question and answer, and, if so, whether the

4

juror could still be fair. The trial court satisfied itself that each juror could provide a fair verdict. Upon Spice's request, the trial court later found the estate's counsel in contempt for violating the order in limine.

Instead of asking the jury to issue special verdicts regarding each claim and counterclaim, the parties and the court had the jury present its verdict in the form of distributing the properties at issue in the case. The jury found that neither Spice nor the estate was entitled to all right title and interest in the properties. Instead, the jury distributed the property as follows:

- 11003, 11004, 11007,[3] and 11011[4] 58th St. Ct. E: 25 percent to Spice, 75 percent to the estate.
- Napavine property:[5] 100 percent to Spice.
- 5818 #A and #B Milwaukee Ave E.[6]: 100 percent to the estate.
- 11305 58th St. E.[7]: 100 percent to the estate.
- 11319 58th St. E.[8]: 100 percent to Spice.
- 10915-10917 58th St.[9]: 100 percent to the estate.
- Kitsap County acreage: 50 percent to Spice, 50 percent to the estate.

---

[3] The market value of the triplex at 11003 was roughly $610,000. It is unclear from the record whether the triplex includes 11004 and 11007.

[4] This may be a scrivener's error; the record elsewhere refers only to 11010 58th St.

[5] The record does not appear to contain value estimates for the Kitsap County acreage or the Napavine property.

[6] The market value of this property was roughly $269,000.

[7] The market value of this property was roughly $250,000.

[8] The market value of this property was roughly $325,000.

[9] The market value of this property was roughly $225,000.

After the jury's verdict, Spice moved for judgment as a matter of law or a new trial under CRs 49, 50, and 59. He argued that judgment as a matter of law or a new trial was appropriate because there was not sufficient evidence to support the jury's verdict. At a hearing on this motion, Spice's attorney told the court, "[W]e're not asking for a new trial." VRP (Oct. 5, 2012) at 3-4. Instead, Spice said he wanted the court to revise the jury's verdict as a judgment as a matter of law.

The trial court denied Spice's motion for judgment as a matter of law or a new trial. It noted that the case was complex and that it was difficult to know on what basis the jury made its decision, because there were no special verdict forms about specific claims or documents. But the court explained that the jury must have decided not to rule in Spice's favor because there were "hundreds of thousands of dollars of monies that were unaccounted for," and the defense had posited that legal documents between the parties were unfairly or even fraudulently favorable to Spice. VRP (Oct. 5, 2012) at 11. It referred to the testimony about transfers of money and concluded that the jury could have concluded that "the operating agreement[] was a fraud, that any of the transfers were a fraud or misrepresented to [Mathews], that Mr. Spice may have taken more cash and [the jury] offset that amount toward anything he might be claiming in the property." VRP (Oct. 5, 2012) at 12. It denied the motion for judgment as a matter of law or a new trial, concluding that the jury had considered conflicting evidence and the credibility of the witnesses and distributed the properties accordingly.

Spice moved for reasonable attorney fees pursuant to the promissory note and the Plexus Operating Agreement, arguing that he was the substantially prevailing party. The estate also moved for reasonable attorney fees as the substantially prevailing party under the promissory

note. The trial court denied reasonable attorney fees to both parties. Regarding Spice, the trial court found that he was not the substantially prevailing party, after considering the "values of the properties and the amount of interest in the real property" that the estate received. CP at 1225. The court also rejected Spice's argument that he was the substantially prevailing party for having defended against the estate's numerous affirmative defenses and counterclaims.

Turning to the estate's request for attorney fees, the trial court found that the estate was the substantially prevailing party. But the trial court denied the estate's request for reasonable attorney fees because of the estate's "excessive motion and litigation practice and ineffective use of court time," as well as the delays caused by the estate's counsel's inexperience. CP at 1227. The court also wrote:

> This Court also repeats its finding that it has serious questions regarding the legality of the documents upon which both parties are relying on with regard to their contractual source of the reasonable attorney's fees request; specifically, a promissory note and the Plexus, LLC, operating agreement. Although no specific jury instruction was requested to make a finding as to whether or not those documents were in fact credible, the Court can only infer, from the decision of the jury which weighed heavily in the ultimate result in favor of the Estate of Doris E. Mathews, that they also shared those questions regarding the legality of said documents.

CP at 1227. The trial court concluded that an award of statutory attorney fees and costs only was appropriate based on the estate counsel's lack of experience, counsel's excessive motions, and the number of baseless counterclaims and affirmative defenses.

Accordingly, the trial court entered the following relevant conclusions of law: that Spice was not the prevailing party, and that the estate receive only statutory fees and costs. The court

No. 44101-2-II

wrote that it did not "believe there is a contractual basis to award fees [to the estate]." CP at 1228. Spice appeals.[10]

## ANALYSIS

### I. ATTORNEY FEES

Spice argues that the trial court erred by denying his request for attorney fees. He argues primarily that he was the substantially prevailing party.[11] We hold that Spice was not entitled to attorney fees because neither party was the substantially prevailing party.[12]

A.    *Standard of Review*

We generally engage in a two-step process to review a trial court's denial of attorney fees. *State v. AU Optronics Corp.*, 180 Wn. App. 903, 913, 328 P.3d 919 (2014). First, we review de novo whether a statute, contract, or equity provides a basis for the award of attorney fees. *AU Optronics*, 180 Wn. App. at 913. Where, as here, the award of attorney fees depends on a determination of who substantially prevailed, we review the trial court's determination of who is the substantially prevailing party de novo. *Hawkins v. Diel*, 166 Wn. App. 1, 10, 269 P.3d 1049 (2011). Second, we review the trial court's decision to award attorney fees, as well as

---

[10] The estate does not appeal the trial court's decision to not award the estate's reasonable attorney fees under the promissory note.

[11] As a threshold matter, the estate argues that we should deem the trial court's findings of fact about attorney fees verities on appeal because Spice failed to include these findings verbatim in his brief as required by RAP 10.4(c). Spice does include the material portions of the findings of fact in his brief, and we exercise our discretion to consider his argument on the merits.

[12] Spice and the estate argue the validity and applicability of the attorney fee provisions in the promissory note and Plexus Operating Agreement. Because we affirm the trial court's finding that Spice did not substantially prevail, we do not address these arguments.

8

the reasonableness of the amount, for an abuse of discretion. *AU Optronics*, 180 Wn. App. at 913. A trial court abuses its discretion when its decision is unreasonable, based on untenable grounds, or made for untenable reasons. *Cook v. Brateng*, 180 Wn. App. 368, 375, 321 P.3d 1255 (2014).

B. *Substantially Prevailing Party*

Spice argues that he was the substantially prevailing party, and therefore he deserved reasonable attorney fees under the promissory note and the Plexus Operating Agreement. We disagree because neither party substantially prevailed. Thus, the trial court did not abuse its discretion by denying Spice's request for attorney fees because he was not a substantially prevailing party.

Under RCW 4.84.330, the prevailing party in a contract dispute is entitled to attorney fees incurred to enforce the contract, so long as the contract specifically provides for attorney fees to either party. Here, the promissory note provides for reasonable attorney fees in the event of default, and the Plexus Operating Agreement provides for attorney fees to the substantially prevailing party.

"The substantially prevailing party need not prevail on his or her entire claim." *Hawkins*, 166 Wn. App. at 10. Determining which party substantially prevailed depends on the relief granted. *Dave Johnson Ins., Inc. v. Wright*, 167 Wn. App. 758, 783, 275 P.3d 339 (2012). If "both parties are awarded relief, the net affirmative judgment may determine the prevailing party." *Phillips Bldg. Co. v. An*, 81 Wn. App. 696, 702, 915 P.2d 1146 (1996). However, the net affirmative judgment method may not be appropriate where a party receives affirmative judgment on just a few claims. *Phillips*, 81 Wn. App. at 702. Alternatively, where multiple and

distinct claims were at issue, the trial court should take a "proportionality approach." *Marassi v. Lau*, 71 Wn. App. 912, 917, 859 P.2d 605 (1993), *overruled on other grounds by Wachovia SBA Lending, Inc. v. Kraft*, 165 Wn.2d 481, 490, 200 P.3d 683 (2009).

But if both parties are awarded "some measure of relief and there is no singularly prevailing party, neither party may be entitled to attorney fees" and both parties will pay their own costs and fees.[13] *Phillips*, 81 Wn. App. at 702. For example, in *Hertz v. Riebe*, the plaintiffs succeeded on their breach of contract claim and the defendants succeeded on their collections claim. 86 Wn. App. 102, 104-05, 936 P.2d 24 (1997). The court held that because both parties prevailed on major issues, neither party was entitled to attorney fees. *Hertz*, 86 Wn. App. at 105-06.

Here, neither party substantially prevailed because both parties were afforded some measure of relief. *Hertz*, 86 Wn. App. at 105-06; *Phillips*, 81 Wn. App. at 702. The many issues at trial involved whether the estate breached the promissory note, whether the estate committed conversion, tortious interference, or breach of fiduciary duty, and whether Spice committed any of the torts and contract violations alleged in the 25 counterclaims. But the jury provided its verdict in the form of distributing property. It found that neither Spice nor the estate was entitled to all right and interest in the properties, instead dividing them as follows: Spice received 100 percent of two of the properties, the estate received 100 percent of four of the properties, and the

---

[13] The estate does not argue that neither party substantially prevailed, but Spice admits that this would be the case if we hold that both parties prevailed on major issues.

parties shared interest in the remaining properties. Thus, both parties were awarded significant portions of the properties, and neither party clearly prevailed over the other.

Spice argues that we should deem him the prevailing party because he prevailed against all of the estate's counterclaims. We disagree: the jury provided a verdict in the form of distributing property only. It is inappropriate to attempt to look behind the jury's distribution of property to divine what claims or counterclaims they believed had been proved. We do not inquire into the jury's process. *Breckenridge v. Valley Gen. Hosp.*, 150 Wn.2d 197, 204-05, 75 P.3d 944 (2003). Thus, there is no basis upon which we can determine how many claims on which each party prevailed.

Moreover, Spice provides no authority for the proposition that a party substantially prevails by prevailing on numerically more claims or counterclaims. Where a party cites no authority for a proposition, we may assume that the party has unsuccessfully searched for such authority. *Dep't of Ecology v. Wahkiakum County.*, 184 Wn. App. 372, 376-77 n.3, 337 P.3d 364 (2014), *review denied*, 182 Wn. 2d 1023 (2015). In other words, there is no support for the notion that we should determine that Spice substantially prevailed merely because he defended against 24 counterclaims, even if the record supported the notion that the jury found that he defended all those counterclaims.

Spice argues in the alternative that we should award both parties proportional attorney fees because both prevailed on major issues. A proportional award of attorney fees is sometimes appropriate when each party prevails on distinct and severable claims. *See Marassi*, 71 Wn. App. at 915. But as stated above, it is impossible to know which claims each party prevailed on.

Thus, in this circumstance, it is appropriate that each party bear its own costs and fees, because neither party substantially prevailed. *See Phillips Bldg. Co.*, 81 Wn. App. at 702.

Because neither party substantially prevailed, the trial court did not abuse its discretion by denying attorney fees to Spice.[14] As stated above, Spice received less than half of the properties. And as the trial court noted, it is inappropriate for Spice to attempt to determine how many of the counterclaims he won. Thus, the trial court had tenable grounds and reasons for ruling that Spice, as a nonprevailing party, should not receive attorney fees. *See Cook*, 180 Wn. App. at 375.

## II. POST-TRIAL MOTIONS

Spice argues that the trial court erred by denying his motions for judgment as a matter of law or a new trial.[15] We disagree.

A.  *Judgment as a Matter of Law Issue Not Preserved*

CR 50(b) governs post-verdict motions for judgments as a matter of law. Such a motion is proper when the court can find, as a matter of law, that there was no substantial evidence or reasonable inference to sustain a verdict for a nonmoving party. *Guijosa v. Wal-Mart Stores, Inc.*, 144 Wn.2d 907, 915, 32 P.3d 250 (2001). But a party loses the opportunity to make a motion for judgment as a matter of law if it fails to move for a directed verdict under CR 50(a)

---

[14] The trial court found that the estate was the substantially prevailing party. This finding does not affect the analysis in this case because the trial court ultimately denied the estate's request for reasonable attorney fees on other grounds, and the estate does not appeal this determination.

[15] After the jury verdict, Spice simultaneously moved for judgment under CRs 49, 50, and 59. He appeals the trial court's adverse ruling for judgment as a matter of law under CR 50(b) and a new trial under CR 59.

before the case is submitted to a jury. *Gorman v. Pierce County*, 176 Wn. App. 63, 86, 307 P.3d 795 (2013), *review denied*, 179 Wn.2d 1010 (2014); *see* CR 50(b).

Spice concedes he requested the judgment as a matter of law only after the verdict came back from the jury, without previously having made a motion for a directed verdict. Thus, Spice failed to preserve his judgment as a matter of law issue, and this claim fails.

B.      *Motion for New Trial Issue Not Preserved*

Spice appears to argue that the trial court erred by denying his motion for a new trial because the evidence did not support the jury's verdict and because the estate's attorney committed misconduct. We hold that Spice is not entitled to a new trial on either basis because he failed to preserve either issue for appeal.

   1. *Request for New Trial Issue Not Preserved*

Spice's written motion in the trial court appeared to request a judgment as a matter of law and a new trial in the alternative, but at the hearing on Spice's motion, his counsel said: "[W]e're not asking for a new trial." VRP (Oct. 5, 2012) at 3-4. Instead, he said he was requesting the trial court to *alter* the jury's verdict. Because Spice did not request or argue why he was entitled to a new trial below, he has not preserved this issue on appeal and we decline to consider it. RAP 2.5. Additionally, because Spice told the trial court he was not seeking a new trial, the trial court did not rule on his request for a new trial. Thus, there is no ruling for us to review.

   2. *Misconduct Argument Not Preserved on Appeal*

Spice also argues that he deserved a new trial under CR 59 because of the misconduct of the estate's counsel. Spice failed to preserve this issue for appeal for two reasons.

First, Spice did not argue to the trial court that opposing party misconduct required a new trial. He argued only that the jury verdict was unsupported and should be altered. Because we review the trial court's ruling on a motion for a new trial for an abuse of discretion, we generally review only those grounds argued to the trial court. *See* RAP 2.5.

Second, Spice refused the trial court's offer to declare a mistrial after a witness appeared to raise an inappropriate innuendo about Spice's sexuality. A party waives the right to request a new trial based on misconduct if it declines a mistrial on the same basis. *Estate of Lapping v. Grp. Health Co-Op. of Puget Sound*, 77 Wn. App. 612, 619-21, 892 P.2d 1116 (1995). Thus, Spice has waived the right to a new trial due to misconduct because he declined a mistrial when the misconduct occurred.

ATTORNEY FEES ON APPEAL

Both Spice and the estate request attorney fees on appeal. We grant the estate's request.

Spice argues that he is entitled to attorney fees under RCW 4.84.330, which permits attorney fees to the prevailing party under a contractual agreement. But because Spice is not the prevailing party on appeal, he is not entitled to attorney fees on appeal.

Similarly, the estate requests attorney fees on appeal under RCW 4.84.330, pursuant to the attorney fee provision in the promissory note. Because we hold in the estate's favor on appeal, RCW 4.84.330 entitles the estate to reasonable attorney fees on appeal to be set by the commissioner of this court upon compliance with RAP 18.1(d).

14

No. 44101-2-II

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Johanson, C.J.

_____
Maxa, J.